## WIGGIN, ADMINISTRATOR, v. JANVRIN.

When suit is brought by an administrator of an insolvent estate and the plaintiff obtains a verdict, the defendant is entitled as matter of right, under the 48th rule of court, to have exception stayed, if he desires to review the action.

TROVER. The jury found a verdict for plaintiff for $344. Defendant moved for stay of execution, as he intended to review the action. The estate, of which plaintiff is administrator, is insolvent, and is being settled as such. The court ruled *pro forma* that execution ought not to be stayed, but, on motion of defendant, the court reserved the question whether, (as matter of right, or as matter of discretion,) execution ought to be stayed, and ordered that execution be stayed until that question is decided.

Ordered, that this case be reserved.

*Batchelder* and *Woods*, for defendant.

*Small* and *Wiggin*, for plaintiff.

SARGENT, J.   We understand that, in this case by sec. 1, ch. 192, Revised Statutes, the defendant has the right to a review of his action. The effect of that review will not be in any event to reverse or annul the former judgment, or to set aside the former verdict.   Nor does the review operate, necessarily, to stay execution while the review is pending.   But it was seen to be equitable to stay execution in certain specified cases, and hence the 48th rule of court comes in aid of the statute, and in those cases enumerated in the rule, and upon the terms there specified, it is provided that when the plaintiff prevails, execution be stayed till the controversy is determined, in order that money shall not be collected by him when the case is to be reviewed, if the plaintiff's condition, circumstances or situation is shown to be such, as that the money could not well be recovered back in case the defendant should prevail on the review.

In some respects the review is a new action, and in other respects it is merely a continuation of the original suit.   If the original plaintiff fails on the first trial and reviews, then it is merely a continuation of the former suit ; but if he prevails on the first trial and the defendant reviews, then it is a new action, to recover back the money which the plaintiff has recovered of him on the first trial.   So, for the same reason, if the plaintiff fail on the first trial and review, and pending the review should die, his administrator could not come in to prosecute the review if the original cause of action did not survive ; whereas, if the plaintiff on the first trial prevailed, and the defendant brings the review, the right to review would survive the death of the original plaintiff, even though the plaintiff's original cause of action would not have survived had that action been pending.   *Knox* v. *Knox*, 12 N. H. 352 ; *Bell* v. *Bartlett*, 7 N. H. 180 ; *Badger* v. *Gilmore*, 37 N. H. 457 ; *Barron* v. *Jackson*, 42 N. H. 419.

Our statute, Revised Statutes, ch. 161, secs. 8 and 9, provides that no action shall be commenced or prosecuted against an administrator when the estate is decreed to be administered as an insolvent estate. But actions of review may be thus prosecuted notwithstanding such insolvency, and the amount thus recovered shall be added to the list of claims against the estate.   That is, when the amount recovered by the original plaintiff on the first trial has been paid over and the plaintiff dies, it cannot be recovered back if he is insolvent, but the defendant may review, and if he prevails, have the amount of his judgment added to the list of claims against the estate.

But the case before us does not stand upon any of those grounds. Here there has been no abatement of suit by death or insolvency.   The estate represented by plaintiff is insolvent, or is to be administered in that form, but the original suit was brought by the administrator, as such, after the decease of the alleged creditor.   The plaintiff sued as administrator of an insolvent estate and has recovered.   The defendant wishes

to review, and claims that the plaintiff as such administrator holds money, or rather a judgment on which the money may be collected, against him, wrongfully, or erroneously, which he is seeking to recover back or to rectify, not by a writ of error, and having the first judgment reversed, but by bringing a review, and in that way by showing that the former judgment was erroneous and wrong, he seeks not to reverse that former judgment, but to obtain a new judgment in his own favor, which shall offset in whole or in part the judgment which the plaintiff at first recovered against him.

It would not be equitable or just that defendant should pay the whole of this judgment against him, and then if he brings his review and prevails, that his claim should be added to the list of claims against the estate and he receive only a dividend. Neither would the law treat the present judgment as assets in the hands of the administrator if the defendant should review, but would allow him to hold it till it was ascertained by the review whether he held it rightfully and should keep it, or wrongfully and should restore the money.

The rule makes no exception of administrators or executors. It provides, that, upon the finding of a verdict for the plaintiff, if the defendant shall satisfy the court by affidavit that the plaintiff is insolvent, or that it would be difficult by reason of the condition of his pecuniary affairs for the defendant to collect of him the sum by which the damages might be reduced upon a review of the action, &c., the court may make an order for stay of execution, &c. We see no reason why the rule should not apply to this case. It does apply to it in terms, and we think it is just such a case as was designed to be met by the rule of court. It is a case where, we think, the court might properly stay execution in their discretion under the power conferred by the statute. Rev. Stat. ch. 192, sec. 13. But this rule having been made to meet certain classes of cases of which this seems to be one, we think the defendant is entitled as of right under the rule, to have execution stayed upon complying with the terms and conditions there stated.

*Execution stayed.*