### VEREEKE *v.* CITY OF GRAND RAPIDS.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — INJURED EMPLOYEE—ELECTION OF REMEDIES.

    Under section 15, part 3, of the workmen's compensation act (2 Comp. Laws 1915, § 5468), an injured employee must make an election, and he cannot proceed against his employer for compensation and also against a third party, the wrongdoer, for damages.[1]

2. SAME—RIGHT OF ACTION AGAINST WRONGDOER CONFERRED UPON EMPLOYER.

    Under the same section, when an employer pays compensation he is empowered to recover such sums as he pays from the wrongdoer for his own benefit.

3. SAME—RELEASE OF EMPLOYER FROM ACTION AT LAW—WRONGDOER NOT RELEASED FROM ACTION BY ADMINISTRATOR.

    But the only limitation under said act upon the right of a dependent who accepts compensation from an employer is to release said employer from all claims or demands at law, if any, arising from such injury; and it cannot be contended that a dependent, by accepting compensa-

[1]See note in L. R. A. 1916A, 72.

tion from an employer, thereby releases the wrongdoer from liability in an action for the benefit of. heirs at law or creditors of a deceased employee.

4. SAME—DEPENDENT'S AWARD NOT AFFECTED BY ADMINISTRATOR'S SUIT.

Where a city employee was accidentally killed, and the mother made a claim and was awarded compensation as a dependent under the workmen's compensation act, thereby clothing the city with a right of action against the wrongdoer, and the city failed to prosecute its right of action under section 15, part 3, of said act, it could not, by petition to the industrial accident board, have credited upon the award against it any sums received by the mother as a result of a suit brought by the administrator of the deceased son's estate against the wrongdoer.

Certiorari to Industrial Accident Board. Submitted June 13, 1918. (Docket No. 44.) Decided September 27, 1918.

Kate Vereeke presented her claim for compensation against the city of Grand Rapids for the accidental death of her son in defendant's employ. On petition of defendant to discontinue payments under an award. From an order denying the petition, defendant brings certiorari. Affirmed.

*Ganson Taggart*, City Attorney, and *Charles A. Watt*, Deputy City Attorney, for appellant.

*John J. McKenna*, for appellee.

Certiorari to the industrial accident board. On October 1, 1913, David Vereeke was killed while in the employ of the city of Grand Rapids. On the 5th day of March, 1914, his mother, claimant herein, entered into a stipulation with the city touching the amount earned by her son and the amount contributed to her. Based upon this stipulation the industrial accident board awarded claimant the sum of $6 a week for a

period of 300 weeks. She removed the case to this
court for review where it was affirmed. *Vereeke* v.
*City of Grand Rapids*, 184 Mich. 474. In the mean-
time a petition had been filed in the probate court by
Cornelius Vereeke, father of David, asking for the
appointment of himself as the administrator of his
son's estate. Such appointment was opposed by Kate
Vereeke, claimant herein, and as a result one Frank
D. McKay was appointed as such administrator. Said
McKay entered into a written contract with the at-
torneys of Cornelius Vereeke and with the attorneys
of Kate Vereeke by the terms of which they were to
bring a suit at law against the Grand Rapids-Muske-
gon Power Co. under the survival act for the purpose
of recovering damages on account of the alleged negli-
gent killing of David Vereeke. By said contract it
was provided that 50 per cent. of any recovery should
be paid to the attorneys representing the administra-
tor, one-half to the attorneys of Kate. This suit pro-
ceeded until October 5, 1915, when it was adjusted
with the consent of the judge of probate for the sum
of $2,050, which was on that date paid by the Grand
Rapids-Muskegon Power Co. to the administrator. Of
this sum the administrator paid to the attorneys as
per his contract the sum of $1,000. Various other
disbursements, including his own compensation, re-
duced the balance to $963.95. Both Cornelius and
Kate laid claim to this sum. The probate court made
an order assigning one-half to Cornelius and one-half
to Kate. This order was affirmed in the circuit court
on appeal and Kate Vereeke, claimant herein, received
as her share thereof the sum of $481.92. While the
matter was pending in the circuit court on appeal the
city of Grand Rapids filed a petition in the circuit
court for leave to intervene, but later failed to prose-
cute its claim to said fund or any part thereof. After
the same had been paid to the claimant, Kate, the city

of Grand Rapids filed a petition with the industrial
accident board in which it prayed that it be authorized
to cease payment to the said Kate Vereeke as in said
order required and further that the city be allowed
a credit on the amount awarded to said Kate Vereeke
on the order heretofore made to the amount of one-
half of said sum of $2,050 paid by the Grand Rapids-
Muskegon Power Co. to Vereeke's administrator as
aforesaid and by him paid to Kate Vereeke. This pe-
tition was answered by the claimant herein and a
hearing had thereon before the industrial accident
board. It was there made to appear that the city had
paid to Kate Vereeke on the order of the board the
sum of $1,230 and further facts substantially as above
set forth were brought out. The board denied relief
under the petition and its determination is now re-
viewed in this proceeding.

BROOKE, J. (*after stating the facts*). Section 15
of part 3 of the workmen's compensation law (2 Comp.
Laws 1915, § 5468) provides:

"Where the injury for which compensation is pay-
able under this act was caused under circumstances
creating a legal liability in some person other than
the employer to pay damages in respect thereof, the
employee may at his option proceed either at law
against that person to recover damages, or against
the employer for compensation under this act, but not
against both, and if compensation be paid under this
act the employer may enforce for his benefit or for
that of the insurance company carrying such risk,
or the commissioner of insurance, as the case may be,
the liability of such other person."

Section 1 of part 6 of said law (2 Comp. Laws 1915,
§ 5488) reads as follows:

"If the employee, or his dependents, in case of his
death, of any employer subject to the provisions of
this act files any claim with, or accepts any payment

from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury."

Under these two sections it is the claim of defendant city that the industrial accident board was in error in permitting claimant to retain the sum received by her in settlement of the suit at law against the Grand Rapids-Muskegon Power Co. and at the same time compel it, the defendant city, to continue payments to claimant as compensation under the act. This it is said amounts to double compensation to the claimant and should not be permitted. It is true that under section 15 of part 3 above quoted, the employee himself must make an election and cannot proceed against his employer for compensation and against a third party, the wrongdoer, for damages, and it is equally true that when the employer pays compensation he is empowered under the same section to recover such sums as he pays from the wrongdoer for his own benefit. Neither the section under consideration, however, nor section 1 of part 6 (2 Comp. Laws 1915, § 5488) contains any limitation upon the rights of dependents except that, under section 1 of part 6, a dependent who accepts compensation from an employer releases to said employer all claims or demands at law, if any, arising from such injury. We think it cannot be contended that Kate Vereeke, by accepting compensation from the city of Grand Rapids, thereby released the Grand Rapids-Muskegon Power Co., the alleged wrongdoer, from liability in an action for the benefit of heirs at law or creditors of David Vereeke. By making a claim for compensation against the employer, the defendant city, she clothed that employer

under the terms of section '15, part 3 (2 Comp. Laws 1915, § 5468), with a right of action against the wrongdoer. Had that right of action been prosecuted by the city recovery thereupon would certainly have been taken into consideration in awarding damages in a suit instituted by the administrator of the estate against the alleged wrongdoer. Having failed to protect its rights in the manner pointed out by the statute we are of opinion that the appellant city cannot now by petition to the industrial accident board have credited upon the award against it any sums received by Kate Vereeke as a result of the suit against the power company.

Judgment must be affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.