WAYNE SOAP CO., *for use of* FIDELITY & CASUALTY CO. OF NEW YORK, *v.* MICHIGAN STATE TELEPHONE CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACTION AGAINST WRONGDOER—EVIDENCE—SUFFICIENCY—INFERENCES.

In an action under the workmen's compensation act (2 Comp. Laws 1915, § 5468) against the wrongdoer by the employer for the benefit of its insurer for the amount paid for the accidental death of an employee under the provisions of said act, testimony that defendant's telephone wire was found broken, that it had fallen across wires which carried a high voltage, that it dangled to the ground, that deceased came in contact with it and was electrocuted thereby, and that defendant's wires at that location were weakened by rust and incapable of sustaining the strain ordinarily put upon them, *held*, sufficient to sustain an inference by the jury that decedent's death was caused by the broken wire and that defendant was guilty of negligence.

2. SAME—EVIDENCE—ADMISSIBILITY.

A piece of wire cut from defendant's telephone wires at the location of the accident a few hours thereafter was admissible in evidence as tending to show the quality of the wire defendant maintained in that vicinity, and explaining why it broke, where there was testimony that it was a fair sample of defendant's wires in that vicinity, although it was not shown to have been cut from the wire with which decedent came in contact.

3. SAME—CONSTITUTIONAL LAW—QUESTIONS FOR REVIEW—APPEAL AND ERROR.

Where defendant was not prejudiced by the objection urged against the constitutionality of section 15, part 3, of the workmen's compensation act, subrogating the employer to the rights of the employee in an action against the wrongdoer who was responsible for the injury, for the amount paid by reason thereof, the Supreme Court will decline to pass upon same until it is raised by some one who is prejudiced thereby.

Error to Wayne; Hosmer (George S.), J.    Submitted October 25, 1921.    (Docket No. 31.)    Decided December 21, 1921.

Case by the Wayne Soap Company, for the use and benefit of the Fidelity & Casualty Company of New York, against the Michigan State Telephone Company and another for the amount of a death award paid under the workmen's compensation law.    Judgment for plaintiff.    Defendant telephone company brings error.    Affirmed.

*Stevenson, Carpenter, Butzel & Backus* (*Rockwell T. Gust* and *Oxtoby, Robison & Hull,* of counsel), for appellant.

*Codd, Bishop & Kilpatrick* (*R. R. Weaver,* of counsel), for appellee.

BIRD, J.    While Stephen Teonier, an employee of plaintiff, was on an errand in the alley in the rear of plaintiff's soap factory, in the city of Detroit, he ran against a telephone wire dangling from a pole and was electrocuted.    His widow made application under the workmen's compensation law and a committee of arbitration allowed her a death award.    Upon petition the insurance company afterward paid the award in a lump sum amounting to $2,541.15.    It was the contention of the insurance company that Teonier's death was due to the negligence of defendant in maintaining their wires in the condition in which they were found after the accident.    Having that view, plaintiff brought this suit in its behalf to compel defendant to pay the amount of the award under the provisions of section 15 of part 3 of the compensation law (2 Comp. Laws 1915, § 5468).    Judgment was recovered in the amount

of the award and defendant raises the following questions in this court for review:

(1) Admission of the wire in evidence.

(2) Refusal of trial court to direct a verdict for defendant.

(3) Constitutionality of workmen's compensation act as construed and applied by the court to this case.

(4) Errors in the admission and in the charge.

1 and 2. These points may be considered together. The principal contention of counsel is that no case was made for the consideration of a jury, and therefore a verdict should have been directed in behalf of defendant. To establish the negligence of defendant it was shown that Teonier was in the employ of the Wayne Soap Company, that the Edison Company had lighting wires running across the alley in the rear of the soap plant, that above and across these wires the telephone wires were extended. That as Teonier was going down the alley a fellow-employee saw him fall. He went to see what had happened and found him lying on a wire which was dangling from a telephone pole. When one of his fellow-servants attempted to roll him off from the wire he received a shock. The employees then took pieces of wood, rolled him over and separated him from the wire. Teonier's breast was found burned and also the palms of his hands. Teonier was shown to have been in good condition physically and the doctor was of the opinion that he died from electrical shock.

It was further shown by one Campbell, who has been for many years a foreman of the public lighting board, that he went to the scene of the accident a few hours after it occurred and examined the telephone wires in the vicinity, and that he went up the pole nearby to do this. He found several wires hanging down from the poles, that from one of them he cut off a piece, which had been in his possession from

that time until the trial.    The piece referred to was introduced in evidence under objection and shown to be very much weakened by rust.    This witness gave it as his opinion that wire in that condition would not be capable of sustaining the strain ordinarily put upon it, and another expert thought it would be hazardous to maintain them in the position these wires were in.    From this and other testimony we think the jury may very well have drawn the inference that Teonier met his death by coming in contact with defendant's wire, which had broken and fallen across the Edison wires, which carried a high voltage, and further that defendant was guilty of negligence in maintaining such wires in that location.

But it is argued that the piece of wire cut from the telephone wire by Campbell was not admissible because it was not shown to have been cut from the wire Teonier came in contact with.    Mr. Campbell testified that the piece of wire was a fair sample of the wires in that vicinity.    He admitted that some of them might have been a little better, but that the piece was a fair sample of those he examined. This testimony was also corroborated by another witness who accompanied Mr. Campbell.    We think the wire was admissible as tending to show the quality of the wires defendant maintained in that vicinity, and also as furnishing a reason why the wire which Teonier came in contact with had broken and was dangling from one of its poles.    See *Sykes* v. *Village of Portland*, 177 Mich. 290.

3. Because this court held in *Vereeke* v. *City of Grand Rapids*, 203 Mich. 85, that in a death case where no election had been made by the deceased an acceptance by the widow of an award from the employer did not bar an action by the representatives of the deceased against the wrongdoer who caused the death, that section 15, part 3, of the compensation law is un-

constitutional for various reasons. This may be answered by the fact that the constitutionality of the act was passed on in *Grand Rapids Lumber Co.* v. *Blair*, 190 Mich. 518. But if the particular question raised by counsel was not there raised, it will be unnecessary to pass upon it until someone raises the question who has been prejudiced thereby. The facts in this case are in no way similar to those raised in *Vereeke* v. *City of Grand Rapids, supra.* Neither are they similar to the question involved in *Naert* v. *Telegraph Co.*, 206 Mich. 68. If the objectionable features referred to in those cases by counsel should be rejected, it would not affect the questions presented upon this record. The simple question presented here is whether the employer, after paying an award to an injured employee, shall recover the amount from the alleged wrongdoer, who was responsible for the injury, under the principle of subrogation as outlined by section 15 of part 3. As counsel for plaintiff say, the time has expired for conditions to arise in this case similar to those in the cases referred to. For these reasons we think it will be unnecessary to pass on the objections raised in this record.

The assignments of error on the admission of evidence and the charge of the court are not well taken.

The judgment must be affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.