CARMELA UVA, ADMINISTRATRIX, (ESTATE OF JOSEPH UVA) ET AL. *vs.* JERRY G. ALONZY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 11th, 1932—decided January 3d, 1933.

*Hugh J. Lavery,* with whom, on the brief, was *George N. Finkelstone,* for the plaintiff Uva, administratrix.

*Joseph L. Melvin,* with whom, on the brief, was *Floyd B. Bartram,* for the plaintiff city of Stamford.

HAINES, J. The stipulation of facts discloses that the plaintiff's decedent, Joseph Uva, was in the employ of the city of Stamford and the contract of employment came within the provisions of the Workmen's Compensation Act. Uva was struck by an automobile driven negligently by the defendant and

died as a result five days later. The record contains a stipulation by all parties to this action for a judgment of $5750 against the defendant. It appears that the decedent and the plaintiff administratrix though never married had lived together in the relation of husband and wife from 1907 to the date of his death December 31st, 1929, and six children were born to them, all living at the time of his death and all dependents of the decedent within the meaning of the Compensation Act. Thus, neither the children nor their mother were legal heirs of the decedent, but it is stipulated that his legal heirs were his two brothers and three sisters.

By an award duly made the city has become obligated to pay a total of $4795.76 by way of compensation to these dependents of the decedent, for the death of the decedent, together with medical and hospital bills and $200 on account of the funeral bill; but the city has agreed and it is stipulated that if it be held entitled to reimbursement in this action out of the judgment of $5750, it shall accept $4795.76 in full settlement of its claim, waiving all counsel fees and other payments which it may have made.

This action for damages for the death of the decedent was brought by the administratrix, and upon motion by the city, it was permitted by the court to intervene as a co-plaintiff under the provisions of the Public Acts of 1927, Chapter 304, now General Statutes, § 5231, appearing in the footnote, and the ques-

Sec. 5231. LIABILITY OF THIRD PERSONS HOW ENFORCED AND APPORTIONED BETWEEN EMPLOYER AND EMPLOYEE. When any injury for which compensation is payable under the provisions of this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured

tions now presented to us relate to the respective rights of these plaintiffs to and in the judgment of $5750.

employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or by award having become obligated to pay, compensation under the provisions of this chapter, may bring an action against such other person to recover any amount that he has paid or by award has become obligated to pay as compensation to such injured employee. If either such employee or such employer shall bring such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other shall fail to join as a party plaintiff, his right of action against such third person shall abate. In the event that such employer and employee shall join as parties plaintiff in such action and any damages shall be recovered, such damages shall be so apportioned that the claim of the employer shall take precedence over that of the injured employee, and, if the damages shall not be sufficient, or shall be only sufficient to reimburse him for the compensation which he has paid, or by award has become obligated to pay, with a reasonable allowance for an attorney's fee to be fixed by the court and his costs, such damages shall be assessed in his favor; but, if the damages shall be more than sufficient to reimburse him, damages shall be assessed in his favor sufficient to reimburse him for the money he has paid, with a reasonable allowance for an attorney's fee to be fixed by the court and his costs, and the excess shall be assessed in favor of the injured employee. Such allowance for an attorney's fee shall include services rendered before the compensation commissioner, and in no case shall be less than the sum of twenty-five dollars. No compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him. The word "Compensation," as used in this section, shall be construed to include not only incapacity payments to an injured employee and payments to the dependents of a deceased employee, but also sums paid out for surgical, medical and hospital services to an injured employee and one hundred dollars burial fee provided by law.

Sec. 5987. ACTIONS FOR INJURIES RESULTING IN DEATH; DAMAGES. In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, or whether caused by the negligence of the defendant or by his wilful, malicious or felonious act, such executor or administrator may recover from the party legally at fault for such injuries just

If § 5987, appearing in the footnote, is read in connection with § 4983, it is clear that action lies against a tort feasor for damages of not more than $10,000 for the death of a plaintiff's decedent and that the amount recovered should be distributed in the following manner: (1) Costs and expenses of suit, (2) doctors' and funeral bills, (3) expenses of administration, and (4) the balance to the heirs of the decedent in accordance with the statutes governing the distribution of intestate estates.

Under these provisions it has been held that the right of action thus given was intended for the benefit of the heirs of the decedent and not for the decedent's estate in general. Save as stated therein, the claims of creditors and any others interested in the estate, are excluded from participation in the recovery. Under § 5987, therefore, the city could recover nothing from the defendant, but after the payments therein provided, the balance of the $5750 would be divided between the heirs, brothers and sisters of the decedent. *Andrews* v. *Hartford & N. H. R. Co.* (1867) 34 Conn. 57, 58. Hence, if the claim of the plaintiff were sound —that § 5987 alone governs this case—the result would be that two separate and distinct payments would have been made on account of the injury and death of the deceased employee, one by the employer to his dependents and another by the tort feasor to his heirs. If § 5987 created a right of action in favor of the heirs independent of any right which the deceased had in his lifetime, it could well be claimed— as the plaintiff now claims—that § 5231 would not

damages not exceeding ten thousand dollars, provided no action shall be brought under this section but within one year from the neglect complained of or from the commission of such wilful, malicious or felonious act. All damages recovered under this section shall be distributed as directed in section 4983.

affect the present action. On the contrary, however, the rights given by § 5987 are such rights as survived the employee. They deal with one of the proximate and direct results of the injury which he suffered, and he died possessed of a right of recovery for all those results. By General Statutes, § 6030, that right which he had in his lifetime survived to his personal representative. *Kling* v. *Torello,* 87 Conn. 301, 87 Atl. 987. Such rights as the plaintiff has in the present judgment, therefore, are survival rights only and this action must be determined not only by §§ 6030 and 5987 but by § 5231 as well, since the employee had contracted to be bound by the provisions of the Compensation Act, and these "must be given the same force and effect that would be given the same provisions if they had been specifically written into a contract specially prepared, accepted and signed by the parties without reference to the Act." *Frasca* v. *City Coal Co.,* 97 Conn. 212, 215, 116 Atl. 189; *Simmons* v. *Holcomb,* 98 Conn. 770, 774, 120 Atl. 510; *Wells v. Radville,* 112 Conn. 459, 465, 153 Atl. 154; *Wheeler v. New York, N. H. & H. R. Co.,* 112 Conn. 510, 512, 153 Atl. 159. There was a "mutual renunciation and waiver of all rights and claims arising out of personal injury sustained in the course of employment . . . other than rights and claims given by Part B" of the Act. General Statutes, § 5226. The acceptance by both parties of Part B was voluntary, and neither can thereafter maintain that the provisions thus adopted are ineffective or that his constitutional rights are impaired thereby. *Palumbo* v. *Fuller Co.,* 99 Conn. 353, 358, 122 Atl. 63.

The importance of determining the purpose and scope of § 5231 is at once apparent. It is expressly stated therein that when the employee sustains injury for which a third party tort feasor is liable to pay

damages, the employee may have compensation from the employer "but the payment or award of compensation shall not affect the claim or right of such injured employee against such other person, but such injured employee may proceed at law against such person. . . ." Notwithstanding he has a right to compensation from the employer, his right to proceed against the third party tort feasor remains the same as that of any other person. It is a right given by law, and General Statutes, § 6030, provides that it shall not "be lost or destroyed by the death of any person, but it shall survive in favor of or against the executor or administrator of such deceased person," and § 5987 limits the right of recovery by an executor or administrator for the death to not more than $10,000. Thus, while § 5231 preserves to the employee and his personal representative the rights elsewhere provided by law, it creates a right in favor of the employer to recover from the same source what he has been obligated to pay by way of compensation, either by proceeding directly against the third party tort feasor or by intervening in an action already brought. The plaintiff stresses the point in this connection, that only the word "employee" occurs in the statute. Since the right of action of which the employee died possessed, survives by law, we are compelled to the conclusion that the statute must have contemplated action by the personal representative if the employee were dead. It is only so, that the right of the employee which this statute recognizes, could remain "unaffected," since it was a right surviving his death. The fact of death did not create an independent right of action. There is one tort and only one liability and that liability is for all the proximate results of the injury, including the death. *Davis* v. *Margolis*, 108 Conn. 645, 647, 648, 144 Atl. 665; *Reynolds* v. *Maisto,*

113 Conn. 405, 406, 155 Atl. 504. Not only does the statute thus recognize the rights of the employee and employer, respectively, but it clearly indicates a third purpose, as a consequence of these provisions, viz.: the avoidance of two independent compensations for the injury. The construction which we have put upon the statute achieves this result, which would not be the case if the words "personal representative" were not read into the statute by implication, where reference therein is made to the "employee."

In most cases legitimate children are the dependents of a deceased employee. Under the construction claimed by the plaintiff such children could collect compensation from the employer for the death of the employee and then collect and retain full compensation for that death from the third party tort feasor.

The importance which the plaintiff attaches to the fact that the word "employee" is alone used in the statute may justify some further comment, reenforcing our conclusion that the use of the term "personal representative" is necessary to effectuate the legislative intent. Under § 5231, the employer is entitled to reimbursement for such "compensation" as he has become obligated to pay the employee or his dependents. The statute then defines the meaning of the term "compensation" as therein used as follows: "The word 'compensation' as used in this section, shall be construed to include not only incapacity payments to an injured employee and payments to the dependents of a deceased employee, but also sums paid out for surgical, medical and hospital services to an injured employee and the one hundred dollars burial fee provided by law." If the plaintiff were correct in her contention that this section only provides reimbursement for the employer in the event that the employee survives, the provisions which we have just quoted would be

utterly meaningless, for it is obvious that "payments to the dependents" and the "burial fee" could never be included in the "compensation" for which the employer might obtain reimbursement. It is significant that the plaintiff makes no attempt to construe this portion of the statute. She does not of course deny the obligation of the employer to pay compensation to the dependents for the death and she insists upon her right to recover and retain full damages for the death from the third party tort feasor, thus compelling two independent payments for the death. We cannot attribute any such intent to the legislature. On the contrary, that view is expressly negatived by the language of the Act which gives the employer reimbursement for his payments to the dependents of the deceased employee and for the burial.

There is a further point to be noted. It would hardly be claimed by the plaintiff that the employer could not, even after the employee's death, bring an action against the tort feasor to recover for compensation paid to the employee during the latter's life. The statute provides that in any action brought against the tort feasor either by the "employee" or the employer, "he shall forthwith notify the other, in writing," which again discloses a legislative intent to include the "personal representative" in proceedings taking place after the employee's death. If the employer in such action sought to compromise with the tort feasor, he would find it impossible upon a literal construction of the statute since he would thus be required to get the assent of the "employee." In short, if the construction claimed by the plaintiff were upheld it would produce results obviously not intended by the legislature and wholly foreign to the just and beneficent design of the Act.

It is the purpose and intent of § 5231 to leave a

third party tort feasor primarily liable for any and all compensable injuries to the employee whether those injuries result in incapacity or death. If the employer has become obligated by an award, he may look to the tort feasor for reimbursement for either or both such injuries. It is equally clear that the legislature never intended to permit two separate and distinct recoveries for the same injury. The question presented to us becomes one of statutory construction, a primary rule of which is that we must ascertain and give effect to the intent of the legislative enactment, all subordinate rules serving only to assist us in the determination of that intent and in giving it effective operation. 2 Lewis' Sutherland, Statutory Construction (2d Ed.) §§ 347, 348; Endlich, Interpretation of Statutes, § 295.

We believe there are no decisions in this State upon the exact question presented by this reservation, and few in other jurisdictions. In the State of Michigan, however, a similar question has arisen as to the scope and implications of the word "employee" in a Compensation Act similar in its language in some respects to our own. Two earlier decisions in that State seem to have leaned toward a literal construction of the word. *Dettloff* v. *Hammond, Standish & Co.*, 195 Mich. 117, 161 N. W. 949; *Brabon* v. *Gladwin Light & Power Co.*, 201 Mich. 697, 167 N. W. 1024. While in two cases which followed in the same State the court clearly took the broader view now contended for by the city in this case. *Vereeke* v. *Grand Rapids*, 203 Mich. 85, 168 N. W. 1019; *Naert* v. *Western Union Telegraph Co.*, 206 Mich. 68, 172 N. W. 606. These four decisions were reviewed and the question carefully re-examined in the later case of *Grand Rapids* v. *Crocker*, 219 Mich. 178, 189 N. W. 221, the court remarking that the result of the first two decisions in

some instances would permit a double recovery against a third party wrongdoer or prevent recovery on the part of the employer. While the Michigan statute differs from our own in that it provides for an election by the employee between seeking compensation from the employer, and action against the tort feasor, yet the reasoning in the last-named case as to the word "employee" has legitimate application to the use of the same word in our own Act. The court says in part (p. 186): "Is the word 'employee' used in such a sense as indicates an intent to designate all those by whom compensation may be claimed? This statute was enacted as a whole. It has a definite purpose, apparent from its title and its several provisions. . . . All the sections and parts must, if possible, be made to harmonize with each other and thus constitute a complete and perfect Act, consistent with its scope and object. . . . It is apparent that the word 'employee' was intended to be used in these sections in a somewhat collective sense. . . . The law imposes additional duties and responsibilities on the employer and may for his benefit require a surrender of rights on the part of the employee. Both are matters pertaining to the contract and binding alike on the personal representatives of the parties. It was within the power of the legislature to provide that the right of recovery by the personal representatives of a deceased workman might be restricted by the terms of his contract of employment in order to secure to his employer a return of compensation paid, for which, but for his contract, of which the statute forms a part, no legal liability on his part existed." Similar reasoning is found in a decision in the State of Delaware, *Silvia* v. *Scotten,* 32 Del. (2 W. W. H.) 295, 122 Atl. 512.

A construction of our own statute which holds the

word "employee" to include his personal representative, makes the section operative and effective in all its parts and declares the true purpose of the legislature. Such construction violates no canon of statutory interpretation, and has received competent judicial sanction.

We conclude that this action lies under both §§ 5231 and 5987; that the rights of these plaintiffs as defined therein would permit the city of Stamford to have judgment for the amount it has become obligated to pay under the provisions of § 5231, and the administratrix to have judgment for the balance of the sum which is adjudged to be due from the defendant. By stipulation, however, the judgment to be rendered against the defendant is to be $5750 net without costs, of which the city has agreed to accept $4795.76 net, making no claim for attorney's fees or other amounts it might be entitled to collect.

It is unnecessary to answer the questions propounded to us, separately. We answer generally that judgment should be entered in favor of the city of Stamford for $4795.76 and in favor of the administratrix for the balance, being $954.24, in the form outlined in *Bambanello* v. *Throm,* 104 Conn. 504, 508, 133 Atl. 537, but without costs to either party plaintiff.

No costs will be taxed in this court.

In this opinion the other judges concurred.