## JEANNE P. GOODLATTE *v.* LIBERTY MUTUAL INSURANCE CO.

SUPERIOR COURT

NEW HAVEN COUNTY
AT NEW HAVEN

Memorandum filed November 29, 1967

*Kopkind & Flynn,* of New Haven, for the plaintiff.

*Wiggin & Dana,* of New Haven, for the defendant.

GRILLO, J. This application for issuance of execution against Liberty Mutual Insurance Company is founded upon a final award of compensation to the plaintiff entered by the workmen's compensation commissioner (first district) on June 3, 1961, the plaintiff's decedent, her husband, having sustained injuries resulting in his death arising in the course of and out of his employment with the United Aircraft Corporation, the defendant herein being its insurer. This matter was submitted to the court without evidence but on the basis of the application,

an answer, setoff and counterclaim (the propriety of which we are not called upon to decide), memoranda, and attached documents relating to ancillary litigation. The matter was argued at a short calendar session.

Fundamentally, the parties are not in dispute relative to the events finally culminating in the present proceedings. It would seem that the chronological concatenation of events is as follows: On April 27, 1961, the plaintiff's husband died of injuries in an automobile accident while in the course of his employment with United Aircraft Corporation. On June 1, 1961, the plaintiff, in her capacity as administratrix of her husband's estate, instituted actions in the Superior Court of Massachusetts claiming damages against the alleged tortfeasors—owners and operators of vehicles involved in the aforesaid accident resulting in her husband's death—under the Massachusetts death statute, and for conscious suffering. An award was made by the commissioner on June 3, 1961. Payments totaling $16,880 have been made to the dependent, the plaintiff herein, to date. The employer attempted unsuccessfully to intervene in the above actions in Massachusetts under § 31-156 of the General Statutes (now § 31-293),[1] the court holding that the

---

[1] "Sec. 31-293. LIABILITY OF THIRD PERSONS TO EMPLOYER AND EMPLOYEE. When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If

request to intervene was denied "without prejudice to the bringing of such claims as the company [the employer] may desire to make and pursue after damages, if any, are collected by the plaintiff administratrix in the respective actions." The plaintiff in addition brought an independent action in Massachusetts to preclude the Liberty Mutual Insurance Company and the United Aircraft Corporation from intervening or in any way becoming associated with the Massachusetts death actions. Subsequently, in 1965, the actions were disposed of by settlements totaling $25,000, no part of which has been paid the employer or the defendant insurer. By civil action dated May 15, 1967, the defendant herein, Liberty Mutual Insurance Company, instituted proceedings in the Superior Court in New Haven County to recover from the plaintiff herein, individually and as administratrix, the payment of $16,880 and any further amount to which it is entitled under what is now § 31-293 of the General Statutes.[2] It has withheld payment of compensation to the plaintiff since that date. Following her unsuccessful attempt to plead in abatement, a default for failure to appear was entered against

---

either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. If such employer and employee join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery. . . ."

[2] That the insurer is entitled to maintain an action which the employer might have instituted is not questioned. See definition of "employer" in § 31-275, and see §§ 31-340, 31-341, and 31-287 of the General Statutes.

her. There has been no judgment upon default, however. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28.

The award of a workmen's compensation commissioner has the force of a judgment, and execution may issue thereon. General Statutes § 31-300.[3] Ordinarily, execution on judgments issue as of course. § 51-52. While a court ordinarily will not interfere with the right of a judgment creditor to collect his debt, courts have a general supervising control over the processes of execution, and for the purpose of preventing injustice, an execution is within the inherent, equitable control of the court. 30 Am. Jur. 2d, Executions, § 3; *Reisinger* v. *Magee,* 158 Pa. 280; *Markofski* v. *Yanks,* 297 Pa. 74. And equity will interfere if it appears that the execution would be against good conscience. *Smoot* v. *Judd,* 161 Mo. 673; 30 Am. Jur. 2d, Executions, § 637. If the judgment debtor discloses to the court some compelling reason why the judgment should not be enforced against him at the present time and offers to establish allegations made by him upon resort to some independent proceedings, the debtor should be allowed to establish his claim therein. *Wiggin* v. *Janvrin,* 47 N.H. 295.

The plaintiff, through her legal representative in Massachusetts, has been militant in setting up legal roadblocks in the path of her decedent's employer and its insurer to determine a simple question: whether she is entitled to retain the proceeds of the settlement and still claim benefits under the Workmen's Compensation Act of this state. (By the word "legal" we refer to the procedural mechanism adopted rather than to imply that we are in accord

[3] Section 31-300 was amended by the 1967 session of the General Assembly; Public Acts 1967, No. 842 § 10; relative to allowance of attorneys' fees, but that added provision is not pertinent to the present motion.

with the decisions reached by the courts of Massachusetts or the modus operandi adopted by the plaintiff.) It might be noted, incidentally, that the plaintiff's Massachusetts attorney has also attempted to have the workmen's compensation commissioner intervene, but after a meeting with the board of workmen's compensation commissioners it was determined that since an action was pending in Connecticut no action should be taken until that matter was disposed of.

Suffice it to say that the court is satisfied that there is a grave question as to whether the plaintiff is entitled to retain the proceeds of her settlement from the Massachusetts action and still proceed to receive workmen's compensation benefits, a result which the issuance of the execution would effect, and furthermore the question also arises whether she should be required to return part of the sum received to her employer or insurer— $16,880. *Sears, Roebuck & Co.* v. *Bree,* 4 Conn. Sup. 1, 5; *Rosenbaum* v. *Hartford News Co.,* 92 Conn. 398; *Uva* v. *Alonzy,* 116 Conn. 91; *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 680; *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322, 324-25.

The action of the defendant now pending in the Superior Court is fully conducive to a raising of issues to determine these questions of law. In spite of the default, the plaintiff can still assert her claim —if she so chooses—that the plaintiff in that action, the defendant herein, is not entitled to the relief claimed. *United National Indemnity Co.* v. *Zullo,* 143 Conn. 124, 130. What was said by our Supreme Court is highly applicable in the instant matter: "[I]n view of the contentions interposed by the defendant, an action in which they could be litigated was obviously preferable to an attempt to enforce

by execution, indeed apparently was necessary." *McIntyre* v. *Standard Oil Co. of New York, Inc.,* 126 Conn. 491, 497.

The background of this matter does little to commend itself to the court, equitably speaking, as justifying the issuance of the execution.

The application is denied.