[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 25, 1996
This is an action by Lumbermens Mutual Company against G.H.Q., Inc., a property owner seeking to recover workers' compensation payments made by plaintiff insurance company to an employee of a law firm occupying the property, claiming that the property owner negligently failed to maintain some steps on which the employee fell on April 19, 1993. The action is brought under General Statutes § 31-293.
Defendant moves to dismiss for lack of subject matter jurisdiction claiming that plaintiff insurance company has no standing to bring this action because at the time of the accident it was not an "employer" within the meaning of General Statutes § 31-293.
 I
Plaintiff claims that § 31-293 expressly permits this action by Plaintiff because Subsection (a) provides that in such actions the "insurance carrier shall have a lien" against the tortfeasor and subsection (b) specifically refers to a situation where "the claim is subrogated by the employer or "its workers' compensation insurance carrier." This language was added by Section 7 of Public Act No. 92-228 which became effective on July 1, 1993, prior to the institution of this action, but subsequent to the date of injury. In the recent case of Rana v. Ritacco,236 Conn. 330, 333 (1996), our Supreme Court held that the amendments to General Statutes § 31-292(a) by Section 7 of Public Act No. 92-228 did not apply in a case where the injury occurred in 1989, citing Civardii v. Norwich, 231 Conn. 287 (1994), to the CT Page 2851-HHH effect that "We look to the statute in effect at the date of injury to determine the rights and obligations of the parties." Indeed, several other sections of Public Act No. 92-228 are specifically made effective from the date of passage, but these do not include Section 7. Plaintiff's action cannot be based on the language added by Public Act No. 92-228.
 II
General Statutes § 31-293(a) in effect on April 19, 1993 provides in part that "any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee." (Emphasis added.) Subsection 10 of General Statutes § 31-275 defined "employer" as used in the Workers' Compensation Act as "any person, corporation, firm, partnership, voluntary association, joint stock association, the state and any such corporation within the state using the services of one or more employees for pay, or the legal representative of any such employer."
Lumbermens, in an attempt to fall within the definitional section of § 31-275(10), characterizes itself as the "legal representative" of the employer. This phrase is nowhere defined in the workers' compensation statutes. General Statutes § 1-1(a), provides in relevant part that "in the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . ." Black's Law Dictionary defines "legal representative" in its broadest sense, as "one who stands in place of, and represents the interests of, another. A person who oversees the legal affairs of another." Examples include the executor or administrator of an estate and a court-appointed guardian of a minor or incompetent person. Black's Law Dictionary (6th Ed. 1990) p. 896. In the present case Lumbermens is representing its own interests in its action against G.H.Q., and not those of the employer it insured.
Two Appellate Court decisions have squarely held that an insurance carrier was not an employer under General Statutes § 31-293 and had no standing to pursue a cause of action under that statute. Johndrow v. State, 24 Conn. App. 719, (1991);McClendon v. Soos, 18 Conn. App. 614, (1989).
It cannot be said that these cases are not controlling CT Page 2851-III because they involved situations in which the employer has intervened in an action brought by the injured employee, as compared to this case in which the action was brought directly by Lumbermens without any involvement by the employee. The statute draws no distinction between these two situations since it permitted an employee or employer to intervene in an action brought by the other or to actually commence the action directly.
Barrette v. Travelers Ins. Co. 28 Conn. Sup. 1 (1968), advancing the proposition that "the status of the insurer is that of the employer once the employee/employer relationship begins" is not relevant to the present case because the court's statement was made in the context of an action by an employee against the insurance carrier which in fact was not sanctioned by the court because it would expose the carrier to double liability.
 III
Lumbermens, relying on CNA Ins. Co. v. Coleman, 222 Conn. 769,773 (1992), claims further that as the workers' compensation carrier it is the "alter ego" of the employer. In Colman,
however, the court referred to the insurer as the employer's "alter ego" when discussing the insurer's duty to pay benefits to the employee. The court was not considering a situation similar to this case which involves the insurer's ability to seek indemnification from a tortfeasor for benefits already paid to the employee of its insured. Bouley v. Norwich 222 Conn. 744, 610, is also inapplicable, since the Supreme Court actually stated in that case that "for purposes of . . . uninsuredmotorist benefits, the employer's insurer was the alter ego of its insured." (Emphasis added.) Id. 764. Cases involving uninsured motorist benefits are of little help in determining the definition of "Employer" in this case.
Finally, Lumbermens further relies on Goodlatte v. LibertyMutual Ins. Co., 27 Conn. Sup. 382 (1967), for the proposition that as the insurer, it is entitled to maintain an action which the employer could have maintained. In Goodlatte, the administratrix of a deceased employee had recovered civil damages from third-party tortfeasors in addition to recovering workers' compensation benefits. The workers' compensation carrier sought to recover the benefits paid, claiming that the estate was not entitled to both the benefits and the civil damages. It was in that context that the court stated, "that the insurer is entitled to maintain an action which the employer might have instituted is CT Page 2851-JJJ not questioned." Like Barrette v. Travelers Ins. Co., the case involved an insurance carrier seeking to prevent the unjust enrichment of an injured employee whereas in this case the injured employee has been duly compensated by the carrier and the carrier seeks indemnification for its payments from the tortfeasor.
Because Lumbermens is not an "employer" under General Statutes § 31-293(a) in its April 1993 form it has no standing to pursue any cause of action under this section. SeeSadloski v. Manchester, supra, 228 Conn. 83 (1993). G.H.Q.'s motion to dismiss Lumbermens' amended complaint is granted.
WAGNER, J.