[Civil No. 2563. Filed October 5, 1926.]

[249 Pac. 768.]

THE STATE OF ARIZONA at the Relation of JOHN W. MURPHY, Attorney General of the State, and E. A. HUGHES, FRANK LUKE and CHARLES R. HOWE, Members of and Constituting the State Tax Commission and State Board of Equalization of the State of Arizona, Petitioners, v. THE SUPERIOR COURT OF COCHISE COUNTY, ARIZONA, ALBERT M. SAMES, Judge of Said Court, and J. E. JAMES, Clerk of Said Court, Respondents.

1. TAXATION—DECISION OF STATE TAX COMMISSION SITTING AS STATE BOARD OF EQUALIZATION IN ASSESSING AND EQUALIZING PROPERTY IS NOT REVIEWABLE, UNLESS IT VIOLATES THE LAW OR ABUSES DISCRETION (CIV. CODE 1913, PAR. 4827).—Under Civil Code of 1913, paragraph 4827, decision of state tax commission sitting as state board of equalization in assessing and equalizing property is not subject to review by courts on ground that property was over-

---

1. See 24 Cal. Jur. 244.

valued or on any matter pertaining to assessment of property, unless commission violated the law in a matter not involving discretion, or either arbitrarily or fraudulently abused discretion given to it.

2. TAXATION — CERTIORARI HELD NOT TO LIE TO ORDER RESTRAINING SUPERVISORS FROM INCREASING VALUATION OF LAND, AS ORDERED BY STATE BOARD OF EQUALIZATION AS IT COULD BE REVIEWED ON APPEAL (CIV. CODE 1913, PARS. 1227, 1495, 1496).—*Certiorari held not to lie to review order of superior court restraining supervisors from complying with order of state board of equalization increasing valuation of land, in view of Civil Code of 1913, paragraph 1227, under which order was reviewable on appeal, it being immaterial, in view of paragraphs 1495, 1496, that state and tax commission were not parties to suit in court below, as they were parties beneficially interested in result, and on application would undoubtedly be permitted to intervene.*

---

See (1) 37 Cyc., p. 1111, n. 75, p. 1112, n. 76, 77.  (2) 11 C. J., p. 100, n. 77, p. 128, n. 3; 37 Cyc., p. 1121, n. 29, p. 1123, n. 36.

Original proceeding for Writ of Certiorari.  Writ issued and upon final hearing, Writ quashed.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Assistant Attorney General, for Petitioners.

Messrs. Sutter & Roche, for Respondents.

LOCKWOOD, J.—In the year 1926 the county assessor of Cochise county completed the assessment-roll of said county as required by law, and delivered it to the clerk of the board of supervisors.  Included within said roll were many thousand acres of land, which were, and had been for many years, classified as "grazing and dry farming lands."  During the year 1925, and several years prior thereto, these lands had been assessed at three dollars per acre, but

---

2.  Who may become interveners, note, 15 Am. Dec. 162.  See, also, 20 Cal. Jur. 516, 520; 20 R. C. L. 684.  Intervention, 123 Am. St. Rep. 280.  Existence of other remedy as bar to *certiorari*, note, 40 Am. St. Rep. 30.  See, also, 4 Cal. Jur. 1052; 5 R. C. L. 256.

in 1926 the assessor had reduced their valuation to two dollars. The board of supervisors, sitting as a board of equalization, met according to law and took no action upon the reduction. Thereafter the state tax commission met as required by law as a state board of equalization, and on the ninth day of August transmitted to the board of supervisors of Cochise county an order which reads in part as follows:

"In accordance with the provisions of paragraph 4835, title 49, Revised Statutes of Arizona 1913, Civil Code, you are hereby advised of the changes which have been made in the assessment of your county for the year 1926 by the state board of equalization, and you are ordered to enter them accordingly upon your rolls. Such changes are as follows, to wit: Increase eight hundred thousand acres of grazing land from two dollars to three dollars per acre, thereby making a net increase of eight hundred thousand dollars. . . . "

The board of supervisors, on the eighteenth day of August, notified the tax commission that they refused to increase the valuation of grazing land as commanded by the foregoing order. On August 28th the tax commission transmitted to the supervisors another order, which we quote in part:

"We advise you that, if your board of supervisors does not reconvene as a board of equalization on or before August 31st, 1926, and comply with the order of the state board of equalization, action will be instituted against you to compel compliance with the order. . . . It having been brought to the attention of the commission that the assessor of Cochise county now contends that he did not reduce as much as eight hundred thousand acres of grazing land and farming land from three dollars to two dollars which is the land upon which an increase of one dollar per acre has been ordered, you are advised that the order made August 9th, 1926, was intended to apply only to such dry farming and grazing land as was reduced one dollar per acre, and is modified accordingly."

Thereafter John Cull filed a complaint in the superior court of Cochise county setting up the above matters, and that he was the owner of some sixteen hundred acres of land affected by such orders; that the supervisors were about to comply with the orders, and praying that they be enjoined from so doing, for various reasons which it is not now necessary for us either to recapitulate or discuss. A temporary injunction was duly issued out of the court in accordance with the prayer of the petition. Thereafter the state of Arizona and the tax commission filed in this court a petition for a writ of *certiorari* directed to the superior court of Cochise county, alleging that the action of the court in issuing the injunction was in excess of its jurisdiction. The writ issued, and return was duly made, setting up the foregoing facts, and at the same time respondent filed a motion to quash the writ and various demurrers thereto. The matter is now before us for review upon these motions and demurrers.

Paragraph 4827, Civil Code, Revised Statutes of Arizona of 1913, provides, among other things, in referring to the state tax commission:

"Its decision upon all matters pertaining to the assessment of property of whatsoever nature, class, or kind, and the valuing and listing of the same, shall be final, except as otherwise provided by law."

In construing this section we have held in the case of *Yuma County* v. *Arizona & S. R. Co., ante,* p. 27, 243 Pac. 907:

"The hearing provided for before the state board of equalization seems to be the only exception; and the plaintiff having been given such hearing, or the opportunity to have such a hearing, and no change of value being made, the valuation by the commission became final."

And in discussing the right of appeal to the courts on the question of overvaluation, in the same case we stated:

"The Legislature, therefore, has provided for an appeal to the courts on the question of overvaluation where the property is assessed and equalized by the county officers, but not so where the property is assessed and equalized by the state tax commission and state board of equalization. . . . "

It therefore appears that the decision of the state tax commission and state board of equalization in assessing and equalizing property is not subject to review by the courts on the ground that the property was overvalued, nor, indeed, do we think that under the limitations of paragraph 4827, *supra,* it is subject to such review upon any "matter pertaining to the assessment of property of whatsoever class, nature or kind, and the valuing and listing of the same," except in two cases. The first is that the commission violated the law in a matter not involving discretion. The second is that, in a case where discretion was given it, it either arbitrarily or fraudulently abused such discretion. The state tax commission, sitting as a board of equalization, is acting in a judicial capacity, and its discretion therein is subject to review only for the same reasons and to the same extent that the discretion of an inferior court may be reviewed by an appellate tribunal.

It is not, however, necessary for us in this hearing to determine whether or not the specific action of the state board of equalization in question was contrary to law or an abuse of discretion, for the present issue can be determined upon the motion to quash. Our statute in regard to writs of *certiorari* provides as follows:

"The writ shall be granted in all cases when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tri-

bunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.'' Civil Code 1913, par. 1495.

It is the contention of the respondent that under this statute, if there is an appeal from the action of the lower tribunal, *certiorari* will not lie, even though in the judgment of the higher court the appeal does not furnish a plain, speedy and adequate remedy. On the other hand, the petitioners insist that, even though there be an appeal, if such appeal does not as a matter of fact provide a proper remedy, the writ should nevertheless issue.

This question has frequently been before the courts of both the territory and the state, and our decisions thereon have been uniformly the same. In *Territory of Arizona* v. *Dunbar,* 1 Ariz. 510, 25 Pac. 473, the court stated:

''The district courts of this territory have full jurisdiction to hear and determine appeals from justices' courts in criminal cases, and the writ of *certiorari* cannot be invoked to review errors or mistakes where the court has acted within its jurisdiction.''

And in *Reilly* v. *Tyng,* 1 Ariz. 510, 25 Pac. 798, it was held:

''This writ issues only when excess of jurisdiction has occurred, *and then only when there is no appeal.''* (Italics ours.)

In *Territory* v. *Doan,* 7 Ariz. 89, 60 Pac. 893, the matter was also under consideration, and the opinion in part reads as follows:

''The writ is not one of right, but its issuance lies in the sound discretion of the court authorized to grant it. It will not be permitted to take ·the place of an appeal or writ of error, even to correct judgments or other proceedings of a court in excess of jurisdiction. Our statute is framed with this idea of the province of the writ, and provides that it may

30 Ariz.—40

issue when there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy. The question whether, therefore, this is a proper case for the granting of a writ of *certiorari,* . . . is to be decided upon the inquiry whether or not an appeal would lie to this court which would bring up the question of the court's jurisdiction, or whether there be any other plain, speedy, or adequate remedy. . . . We hold, therefore, that the remedy by appeal is not afforded Price; nor is there any plain, speedy, and adequate remedy at his disposal other than this proceeding."

Again, in *Miller* v. *Superior Court,* 21 Ariz. 61, 185 Pac. 357, we used the following language:

"Paragraph 1495, Civil Code, authorizes the issuance by the Supreme Court of the writ of *certiorari* to an inferior court or tribunal exercising judicial functions when it exceeds its powers, 'and there is no appeal nor, in the judgment of the court, any plain, speedy and adequate remedy.' The language of the statute seems to settle it that, when there is an appeal, *certiorari* cannot be invoked to secure a review of the action of a superior court."

The matter was again very recently considered by this court in three cases, the first being that of *State ex rel. Attorney General* v. *Superior Court et al.,* 22 Ariz. 452, 197 Pac. 537. In that case the writ of *certiorari* was held properly issued to review the order of the superior court in granting an original writ of *habeas corpus,* from which order no appeal lies. In *State ex rel. Attorney General* v. *Superior Court et al.,* 25 Ariz. 226, 215 Pac. 538, the same question was again before the court, and, as in the former case, it was held that under the circumstances of the case the court had no jurisdiction to issue the original writ.

The last time the matter was before us was in *State of Arizona ex rel. Patterson* v. *Superior Court et al.,* 26 Ariz. 584, 229 Pac. 96, which was also a proceeding in *habeas corpus.* Therein we said:

"On the day set for hearing the respondents moved the dismissal of the writ upon the ground that the petitioner, under the statute . . . had the right of an appeal from the order discharging Lewis, and, having such right, by the terms of the statute concerning *certiorari* . . . this writ was not lawfully issued and should be quashed. It is true under paragraph 1227, subdivision 7, the officer having the custody of the prisoner, or the county attorney, on behalf of the state, may appeal from an order or judgment discharging the prisoner and, if that was the only thing complained of, the motion to dismiss would probably have to be granted, but that is not all.

"The petition asserts that the order directing the issuance of the writ of *habeas corpus,* and all other proceedings thereunder, were without jurisdiction. The same situation was presented to this court in *State ex rel. Attorney General* v. *Superior Court. Pinal County et al.,* 22 Ariz. 452, 197 Pac. 537, known as the Nichen Martin Case, and *State ex rel. Attorney General* v. *Superior Court, Pinal County, et al.,* 25 Ariz. 226, 215 Pac. 538, known as the Manuel Martinez Case. In both these cases the writ of *certiorari* was employed to review the action of the Pinal superior court in issuing writs of *habeas corpus* in cases in which the court plainly and clearly had no jurisdiction under the facts exhibited to it as a basis for the issuing of such writ. In neither of those cases had the *habeas corpus* proceeding advanced to the stage of discharging the prisoner, and in that regard only do they differ from the present case. In this case, as it was in those cases, it is charged the court, upon the showing made by Lewis in his petition for writ, had no jurisdiction to order writ, and that therefore the court exceeded its jurisdiction in that regard and, *since there is no appeal from such unlawful order,* the remedy by *certiorari* is available. That is unquestionably the rule of the Martin and Martinez Cases. . . . " (Italics ours.)

It thus appears that in a long and unbroken line of cases this court has held definitely and repeatedly that *certiorari* does not lie to review the jurisdiction of an inferior tribunal to make an order or render

a judgment, when an appeal can be taken from the order or judgment complained of, regardless of whether or not, in the opinion of the court, such appeal affords a completely adequate and satisfactory remedy. Applying this rule to the case at bar, it appears that an appeal lies as provided in paragraph 1227, *supra:*

"2. From an order . . . granting or dissolving an injunction, or refusing to grant or dissolve an injunction. . . . "

If the superior court of Cochise county should refuse to dissolve the temporary injunction already existing or should grant a permanent injunction, and its action should be erroneous, whether the error was because of mistaken judgment or lack of jurisdiction to act at all in the first place, its action can be reviewed on appeal by this court, and under such circumstances, as we have shown, *certiorari* does not lie.

It is urged, however, that the state and the tax commission are not parties to the suit in the court below, and that therefore they cannot appeal from any order made therein. This, of course, is true. Since, however, they are parties beneficially interested in the results of that case, on application to the trial court they will undoubtedly be permitted to intervene therein, when their right of appeal from any adverse decision will accrue. Paragraphs 1495 and 1496 of our Code were taken from the California Code, and that state has always held a party beneficially interested and therefore entitled to the writ of *certiorari* should first be made a party to the record by motion for leave to intervene or otherwise. *In re Elliott,* 144 Cal. 501, 103 Am. St. Rep. 102, 77 Pac. 1109; *Tingley* v. *Shasta County Superior Court,* 8 Cal. App. 47, 96 Pac. 20. See, also, *Washington County Abstract Co.* v. *Stewart,* 9 Idaho 376, 74 Pac.

955; *Black* **v.** *Town of Brinkley,* 54 Ark. 372, 15 S. W. 1030.

We think this is the correct rule, for, as stated in *Elliott* v. *Superior Court, supra,* "this is a practice to be commended and encouraged for its convenience; for it is to be presumed that, the attention of the court being drawn to its excess of jurisdiction, the order or judgment would be vacated on motion without the trouble and expense of certifying the record to a court of review."

For the foregoing reasons the writ heretofore issued is quashed.

McALISTER, C. J., and ROSS, J., concur.