[Civil No. 2618.   Filed March 22, 1927.]

[254 Pac. 232.]

A. J. LOCKWOOD, Petitioner, v. THE SUPERIOR COURT OF NAVAJO COUNTY, ARIZONA, Respondent.

Mr. Thorwald Larson, for Petitioner.

Mr. C. H. Jordan, for Respondent.

ROSS, C. J.—This is an original application for writ of *certiorari* against the Superior Court of Navajo county.

In the petition the applicant shows that on November 21, 1925, he obtained in said court a judgment against one E. J. McDermott for the sum of $2,448.25 and costs of suit; that thereafter, on June 1, 1926, he caused a writ of garnishment to be issued out of said court upon said judgment against the Holbrook Land & Cattle Company, and caused the same to be served upon said company, garnishee; that said gar-

nishee failed to answer the writ of garnishment within the time allowed by law; that default was duly entered, and on July 8, 1926, judgment was rendered against the garnishee and duly entered for the amount of the judgment against the principal debtor; that thereafter, on January 28, 1927, execution was issued upon the judgment against the garnishee and by the sheriff of said Navajo county levied upon the property of the garnishee; that the sheriff had noticed, as provided by law, the sale of such property under said execution, to take place at the front steps of the courthouse in Holbrook (the county seat), Navajo county, Arizona, on February 25, 1927, at 2 o'clock P. M.; that said Superior Court on February 24, 1927, ordered the sheriff to postpone the sale from February 25, 1927, for at least ten days, for the reason "that matters are pending herein which have not yet been determined"; that the sheriff, in obedience to said order of the court, postponed the sale until March 10, 1927.

The petition further shows that after the default judgment had been entered against the garnishee, on, to wit, the twelfth day of July, 1926, the garnishee filed an answer. It further shows that the order, against which the petition is directed, is probably based upon such answer, the same having been called to the court's attention by a motion of the garnishee filed in said cause on February 24, 1927.

In accordance with the prayer of the petition, the writ issued.

The clerk of said Superior Court of Navajo county has filed the papers in said cause as a return to the writ, and these papers show that the facts set out in the petition are correct.

The respondent has answered the petition by filing a motion and demurrer raising the point that there is an appeal from the order of the court directing

the sheriff to postpone the sale, and that therefore the writ of *certiorari* should not have issued.

We think it is well settled that, if there is an appeal from the order, the petitioner is not entitled to a writ of *certiorari*. In *State* v. *Superior Court,* 30 Ariz. 620, 249 Pac. 768, we went into that question pretty fully and collated and reviewed many of the cases that have been decided by this court, and came to the conclusion that *certiorari* cannot be resorted to where there is an appeal.

The respondent claims that the right of appeal from such order is given by subdivision 6 of paragraph 1227 of the Civil Code of 1913, which provides that an appeal may be taken to the Supreme Court—

"from a final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment."

That the order complained of was not final is evident. In *Levy* v. *Stofella,* 14 Ariz. 262, 127 Pac. 725, we had occasion to pass upon this subdivision. In that case the court issued an order requiring the commissioner, who had been appointed for that purpose, to proceed to perform the duties of his office and execute the judgment of the court in said cause. It was there held that such an order was not appealable, and it was said:

"Granting that the court has authority to stay the execution of the judgment as an inherent power of the court over its own process, the order in question was a matter of procedure, and does not affect a substantial right in the sense in which the term is employed in the statute. Had the court granted a stay of execution, it would merely have been granting a favor, but which the appellants could not claim as a right."

This provision of our statute on appeals is the same as that of Minnesota. In *Brown* v. *Minnesota*

*Thresher Mfg. Co.,* 44 Minn. 322, 46 N. W. 560, the Supreme Court of that state, in speaking of a similar order, characterized it as—

"a common and ordinary interlocutory order of an administrative character made by the court relative to and pending the sale."

Such an order, it was held, was not appealable.

It is clear that the court, in making such order, acted in excess of and beyond its jurisdiction. At the time of the issuance of the execution, the judgment against the Holbrook Land & Cattle Company had become final, and the petitioner was entitled to have the fruits thereof. The execution was properly issued and levied upon the property of the garnishee, and no legal reason was shown by the garnishee justifying the order postponing the sale. The answer of the garnishee came too late. It was filed some four days after judgment had been entered. It raised no issue as the case had already been tried, settled, and determined. No motion to vacate or set aside the judgment was made within the period of six months, allowed under the statute for such motions. No showing of mistake, inadvertence, surprise or excusable neglect had been made or attempted within the time allowed by law. No cause, good or otherwise, had been presented to the court impeaching the judgment. Paragraph 600, Civil Code.

We recognize the rule that the court has power to control in a measure its processes, but before it may exercise such powers there should be some showing that the process ought not to be executed. It may not enter judgments absolute, and, after they have become final, arbitrarily deprive the judgment creditor of his execution or its enforcement. Surely, the mere fact that some time after the judgment was entered the judgment debtor filed an answer would

not confer jurisdiction to issue orders of the kind here attacked.

An order of similar import, on *certiorari*, in *State v. District Court*, 37 Utah 418, 108 Pac. 1121, was annulled, the court stating that the petitioner and officer might well have ignored the order but were not compelled to expose themselves for contempt of court.

In this case the petitioner and the sheriff, who was selling the property under execution, might have ignored the order of the Superior Court of Navajo county postponing the sale of the property, but instead of doing so the petitioner has taken the only other step open to him and asked that such order be annulled.

It is accordingly held that such order should be annulled, set aside and held for naught.

LOCKWOOD and McALISTER, JJ., concur.