**BUTLER v. UNGERLEIDER.**

Civ. No. 10503.

United States District Court
E. D. New York.

Dec. 11, 1951.

William A. Butler, New York City, for plaintiff (for motion).

Morton Frederick, New York City, for defendant (opposed).

BYERS, District Judge.

This is a plaintiff's motion for a stay of any and all executions or other proceedings under a certain judgment heretofore recovered in this Court by the defendant's assignor without recourse, which plaintiff seeks in effect to vacate or abrogate by this action for a declaratory judgment.

The decision of the Court of Appeals for this Circuit, reported in 187 F.2d 238, upheld service of process upon the defendant, reversing a contrary holding below; the opinion makes clear the nature and issues of this controversy.

Two successive earlier motions for a stay were denied, prior to the decision above referred to, one without prejudice, and the other, because of a like motion then pending in the reviewing court, prior to argument of the said appeal.

Those decisions are not thought to point to the necessary disposition of this motion.

The plaintiff's asserted claim for relief, if successfully maintained at the trial, will result in his obtaining a judgment which will devitalize the prior default judgment which seems to have been docketed in the office of the County Clerk of Kings County, as authorized by Section 502–a of Civil Practice Act. See also Section 510 of the same statute, and Title 28 U.S.C. § 1962, as to the resulting lien.

Execution seems to have been levied but the judgment has not been satisfied if the affidavits pro and con submitted on the pending motion are understood.

The plaintiff by this motion seeks to prevent further process by way of execution pending the outcome of this cause, and the request seems to be reasonable provided the legal rights of this defendant are not thereby put in jeopardy. The affidavit in opposition states: "At the present time (December 6, 1951) there is no execution outstanding in the hands of any Marshal or Sheriff." It is also recited that execution was levied

upon the plaintiff's interest in certain real property in this county which was sold for the sum of $500.00 on January 25, 1951, and that he has fifteen months in which to redeem.

In the event of plaintiff's success in this cause, it is to be presumed that such sale will be eventually set aside. Perhaps the stay here sought may have a bearing on that situation, but if so it has not been elucidated.

On the whole, the equities seem to favor the plaintiff on this motion. Rule 60(b) of Federal Rules of Civil Procedure, 28 U. S.C., seems not to bar the relief sought, since this is not a motion in the original cause which would have to be made within one year if subdivisions 1, 2, and 3 were to be relied upon. The rule says: " * * * . This rule does not limit the power of a court to entertain an *independent* action to relieve a party from a judgment * * *."

This is such an independent action, and the defendant is properly before the court. A bi-party motion for summary judgment has been denied heretofore, upon the ground that there is present a genuine issue of fact which can be determined only as the result of a trial.

As to the propriety of a stay, it must be evident that, if the plaintiff should ultimately succeed, he would establish the invalidity of the early default judgment; the impact of such a determination upon the levies which have been made through enforcement process here and elsewhere, and which have thus far been of benefit to a resident of Florida, is not a matter presented for decision on this motion.

Authority to grant the desired stay must be found in F.R.C.P. Rule 62, if at all, and it seems that subdivision (b) applies in that this court in the exercise of a judicial discretion "and on such conditions for the security of the adverse party as are proper" may so intervene since it has the power to "stay the execution of or any proceedings to enforce" the default judgment recovered by defendant's assignor, pending the disposition of this action which has for its object "relief from a judgment", i. e., the said default judgment, "made pursuant to Rule 60 * * *".

This motion is incidental to that action, and the relief sought is appropriate to the ultimate purpose of preserving to the plaintiff whatever may be the fruits of victory if he shall indeed establish his cause as the result of a trial of the issues. That is the section of the rule which is thought to apply, rather than subdivision (f) which enlists the law of the state concerning stays of execution.

The motion will be granted upon the plaintiff's giving security in a sum to be agreed upon by the attorneys, in default of which the Court will fix the amount of the bond, upon consideration of such contentions as may be submitted in that behalf.

Settle order.