**UNITED STATES of America,**
**Appellant,**

v.

The **DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, Appellee.**

No. 5058.

United States Court of Appeals
Tenth Circuit.

June 8, 1955.

Warren Olney III, Rufus D. McLean, Washington, D. C., A. Pratt Kesler, and C. Nelson Day, Salt Lake City, Utah, on the brief, for appellant.

No appearance for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and WALLACE, District Judge.

PER CURIAM.

■ The sole question here is the authority of the District Court of Utah to permanently suspend its judgment imposing the minimum penalty provided in § 73, U.S.C.A., Title 45, for violation of § 71, U.S.C.A., Title 45.

Section 71, supra, provides, in material part, that no railroad shall confine cattle being shipped interstate in its cars for more than 28 consecutive hours without unloading them for rest, water, and feeding for a period of at least five consecutive hours, except the time may be extended not to exceed 36 hours with the consent of the owner.

Section 73, supra, provides, in material part, that any railroad failing to comply with the provisions of § 71 shall for every failure "be liable for and forfeit and pay a penalty of not less than $100 nor more than $500."

Upon confession of the Railroad Company, the court gave judgment in favor of the United States in the minimum sum of $100.00 and "suspended the execution of the judgment." The United States has appealed only from that part of the judgment which suspended its execution.

■ A successful litigant in the federal courts is entitled to execution for the enforcement of his judgment unless the court directs otherwise. And, execution in aid of the judgment is in accordance with the law of the state where the district court is held, unless a federal statute is expressly made applicable. Rule 69(a), Fed.Rules Civ.Proc. 28 U.S.C.A. Rule 62, F.R.C.P. provides for temporary automatic stays on expressly enumerated grounds, subject to prescribed conditions. And, subsection (f) thereof provides for a stay of execution of a judgment if, under the law of the state in which the judgment was rendered, the judgment debtor would be entitled to a stay.

The State of Utah, where this action arose, has, with immaterial exception, adopted and adhered to the Federal Rules of Civil Procedure, and Rule 62 of the Utah Rules of Civil Procedure, like the corresponding Federal Rule 62, provides for stays of execution on expressly enumerated grounds. But, neither the Federal Rules nor the applicable Utah Rules authorize the court to permanently suspend the execution of a final judgment, except on grounds not tendered herein. See Rule 60, F.R.C.P. Butler v. Ungerleider, D.C., 101 F.Supp. 379, affirmed 2 Cir., 199 F.2d 709.

Apart from the Federal Rules of Civil Procedure, federal courts are empowered to temporarily stay the execution of their judgments whenever it is necessary to accomplish the ends of justice. See 21 Am.Jur.Execution, § 600–601; 33 C.J.S., Executions, § 139; Freeman on Executions, 3rd Ed., § 32. But, the court does not possess inherent power to arbitrarily deprive the judgment creditor of his execution or its enforcement. Lockwood v. Superior Court of Navajo County, 31 Ariz. 460, 254 P. 232; State ex rel. Newell v. District Court in and for Third Judicial District, 37 Utah 418, 108 P. 1121.

We hold, therefore, that the suspension of the execution of the judgment was unauthorized and the judgment is modified by striking therefrom that part thereof which suspends the execution of the judgment, and as modified is affirmed.