CUTLER ASSOCIATES, INC.

v.

The MERRILL TRUST COMPANY.

Supreme Judicial Court of Maine.

Dec. 28, 1978.

Vafiades, Brountas & Kominsky by Susan R. Kominsky (orally), Lewis Vafiades, Bangor, Corwin & Corwin by Jon C. Mazuy, Boston, Mass., for plaintiff.

Rudman, Winchell, Carter & Buckley by Paul L. Rudman (orally), Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

On December 24, 1974, Cutler Associates, Inc. (Cutler) and The Merrill Trust Company (Merrill) entered into a written contract which contemplated that Cutler would construct The Merrill Center, Bangor, for a contract price of $1,269,950. The contract expressly provided for the arbitration of all disputes arising thereunder. Subsequently, when a dispute arose over certain extras which Cutler asserted were due it, Cutler demanded arbitration. On June 6, 1977, the arbitrators awarded Cutler $98,358.46.

Notice of the award reached Merrill on June 15, 1977. Merrill petitioned the arbitrators for a clarification and modification of the award, which petition was denied on August 8, 1977. On September 15, 1977, pursuant to the provisions of 14 M.R.S.A. § 5937, Cutler moved in Superior Court in

Penobscot County to confirm the award. Merrill's reply, dated September 29, 1977, included a motion to vacate the award. When the Superior Court granted Cutler's motion and denied Merrill's motion, Merrill seasonably appealed to this Court.

We deny the appeal.

■ As its first issue Merrill advances the novel argument that the Superior Court lacked jurisdiction because this proceeding was not commenced by the filing of a complaint or by the service of a summons and complaint pursuant to M.R.Civ.P. 3. At hearing below this issue was waived.[1] Moreover, Merrill fails to recognize that a summary proceeding, such as is contemplated by this provision of the Uniform Arbitration Act (14 M.R.S.A. § 5927 *et seq.*) may be distinguished from a plenary civil action. A summary proceeding may, when authorized by statute, be commenced by motion or petition and may proceed without formal pleadings. *Roussel v. State*, Me., 274 A.2d 909, 925 (1971).[2] Here the Uniform Arbitration Act expressly authorizes this application to be made by motion. 14 M.R.S.A. § 5942. Clearly, the procedure followed by Cutler had statutory authorization.

Merrill takes nothing by raising again this issue of jurisdiction.

Merrill's second issue, and the issue upon which it places greatest reliance in seeking vacation of the award, was its argument that the arbitrators exceeded their powers in granting interest at eight percent upon the award to Cutler. Merrill asserted that in seeking arbitration Cutler never demanded interest and, in any event, the arbitrators were not empowered to grant interest at greater than the legal rate. The Superior Court found Merrill's motion to vacate to be untimely and declined to vacate the award.

14 M.R.S.A. § 5938(2) provides that an application to vacate "shall be made within 90 days after delivery of a copy of the

award to the applicant . . . ." Patently, Merrill's motion to vacate dated September 29 was made more than ninety days after its receipt on June 15 of the notice of award. Merrill seeks to avoid the time limitation of § 5938(2) by urging that the ninety day period did not commence until it received on August 8 the denial of its motion to clarify and modify.

14 M.R.S.A. § 5935 provides:

On application of a party or, if an application to the court is pending under sections 5937 to 5939, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in 5939, subsection 1, paragraphs A and C or for the purpose of clarifying the award. The application shall be made within 20 days after delivery of the award to the applicant. Written notice thereof shall be given forthwith to the opposing party, stating he must serve his objections thereto, if any, within 10 days from the notice. The award so modified or corrected is subject to sections 5937 to 5939.

■ The record is devoid of any indication whether Merrill complied with the time limitations thus imposed. More significantly the record on appeal contains neither Merrill's application to clarify and modify nor the arbitrators' denial thereof. With so barren a record, once again we must apply the rule that "[W]hen an inadequate record is presented to the Law Court to support an appeal, such appeal must fail." *Berry v. Berry*, Me., 388 A.2d 108, 109 (1978).

Upon the record before us, we cannot meaningfully consider Merrill's argument that the period was tolled. The only reference in the Uniform Arbitration Act, 14 M.R.S.A. § 5927 *et seq.*, to a procedure resembling reconsideration by the arbitrators is found in 14 M.R.S.A. § 5935, quoted above, which provides for an application

---

1. The following colloquy at the hearing of October 7, 1977, is pertinent:

    THE COURT: To the extent there is any question of jurisdiction, I think it's been waived and so I'm prepared to deal on the merits with the motion for [confirmation]

and your countermotion to vacate the arbitrators' award.

    MR. RUDMAN: Thank you, your Honor.

2. *See Brennan v. Johnson*, Me., 391 A.2d 337, 339 n. 1 (1978).

either to clarify the award or to modify or correct the award upon the grounds set forth in 14 M.R.S.A. § 5939(1)(A) or (C).[3] Possibly in this case Merrill sought by its application to clarify the award, or perhaps Merrill argued that the 8% interest rate was "an evident miscalculation of figures" under § 5939(1)(A).

However, for aught we know this application by Merrill may well have challenged the interest award as an excess of powers, the same grounds Merrill now urges before this Court. An excess of powers is a ground for seeking to vacate the award pursuant to 14 M.R.S.A. § 5938(1)(C). It is not however, a ground upon which Merrill could seek clarification and modification by the arbitrators pursuant to 14 M.R.S.A. § 5935. Without first establishing that its application to the arbitrators was one permitted under § 5935, Merrill cannot press its argument that the time for vacating the award was tolled pending the denial of such a motion.[4]

As its third issue on appeal, Merrill asserts that the Superior Court erred in refusing, upon request by Merrill, to stay the proceedings or entry of judgment on this award pending the resolution of another dispute between these parties on the same contract which was also the subject of arbitration proceedings. Merrill offered no evidence as to this "pending arbitration."

It is within the inherent power of the Superior Court, under its general supervisory power over its own process, to stay temporarily a proceeding before it.[5] It may temporarily stay the execution of its judgment whenever it is necessary to accomplish the ends of justice. *Cf. United States v. Denver and Rio Grande Western R. Co.*, 223 F.2d 126, 127 (10th Cir. 1955); *Conrad v. Medina*, 47 A.2d 562, 564 (Mun.Ct.App.D.C. 1946).

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

A stay of proceedings, such as Merrill sought in this case, is not a matter of right but a matter of grace. The grant or denial of the stay rests in the sound discretion of the court. It will only be granted when the court is satisfied that justice will be thereby promoted. *Fitch v. Whaples,*

---

3. In pertinent part 14 M.R.S.A. § 5939(1) provides:

> Upon application . . . the court shall modify or correct the award where
> A. There was an evident miscalculation of figures or an evident mistake in the description on any person, thing or property referred to in the award;
>
> .   .   .   .   .
>
> C. The award is imperfect in a matter of form, not affecting the merits of the controversy.
> Pursuant to 14 M.R.S.A. § 5935, the arbitrators have identical powers.

4. Were we to reach the tolling argument, which we do not, it might well be observed that a major reason for arbitration, the *prompt* and *economical* solution of controversies without undue judicial interference, *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), suggests that the mere filing of a motion to clarify or modify is insufficient to toll an application under § 5938 or § 5939. Indeed, two courts have so stated, *Trustees of B&M Corp.*

*v. Massachusetts BTA*, 363 Mass. 386, 294 N.E.2d 340 (1973) (dictum); *Lopez & Roque Tile Co., Inc. v. Clearwater Development Corp.*, 291 So.2d 126 (Fla.App.1974).

The dispatch with which the Uniform Arbitration Act is intended to operate is nowhere more evident than in §§ 5937–5939. Under these sections, once the ninety day period has expired, a party may not defend an application to confirm on the grounds that the award should be vacated, modified or corrected. By contrast, under the Federal Arbitration Act, a party may always raise these defenses by answer. *Compare Component Systems, Inc. v. Murray Enterprises of Minnesota, Inc.*, 300 Minn. 21, 217 N.W.2d 514 (1974) (and cases cited thereon) with *Fukaya Trading Co., S. A. v. Eastern Marine Corp.*, 322 F.Supp. 278 (E.D. La.1971).

5. *See* 30 *Am.Jur.2d* Executions § 693, p. 834 (1967). *Cf. Goodlatte v. Liberty Mutual Insurance Co.*, 27 Conn.Sup. 382, 239 A.2d 546, 548 (1967).

Me., 220 A.2d 170, 172 (1966); *cf. Casco Bank v. Shaw,* 79 Me. 376, 381, 10 A. 67 (1887).

 Upon the record before us Merrill has failed to adequately explain why a stay should have been granted by the Superior Court, much less demonstrate on the record a hardship or inequity so great as to override the long-standing goal of arbitration, a prompt solution of the controversy without undue interference by the courts.

We conclude that the Superior Court did not abuse its discretion in denying Merrill a stay of proceedings.

The entry, therefore, must be:

Appeal denied.

Judgment affirmed.

ARCHIBALD, J., did not sit.