STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        DOCKET NO. CV- /5-272

AARON MAIN and                  )
DARLENE MAIN,                   )
                                )
              Plaintiffs,       )
                                )    **ORDER ON PLAINTIFFS' MOTION TO**
        v.                      )         **STAY PROCEEDINGS**
                                )
SOUTH COAST RADIOLOGY, P.A.,    )
                                )
              Defendant.        )

This action arises out of Plaintiffs Aaron and Darlene Main's complaint alleging

Defendant South Coast Radiology, P.A. ("South Coast") committed medical negligence and

requesting a declaratory judgment regarding the findings and processes of the mandatory

prelitigation screening panel's findings and processes.

Pending before the Court is Plaintiffs' Motion to Stay Proceedings to either remand the

case to the prelitigation screening panel or to bifurcate Plaintiffs' declaratory judgment action

from the other counts of their complaint.

## I.    Background

Plaintiffs' action for medical negligence arises out of an accident that occurred on

December 11, 2012, when Mr. Main slipped and fell in the back of his truck, landing on his

testicles. Plaintiffs allege that South Coast, which performed ultrasounds on his scrotum, was

negligent in its failure to detect and report findings consistent with Mr. Main's testicles being

ruptured on December 11, 2012 and on multiple occasions thereafter, ultimately resulting in the

loss of both of Mr. Main's testicles.

1

Pursuant to the Maine Health Security Act (MHSA), 24 M.R.S. § 2851 et seq., and Maine Rule of Civil Procedure 80M, Plaintiffs brought their case before a mandatory prelitigation screening panel ("the Panel" or "Screening Panel"). Plaintiffs contend the Panel Chair erred in a number of ways that call the panel's findings into question.

Prior to hearing, the Panel Chair excluded proffered testimony from Plaintiffs' biomechanics experts regarding the causation and mechanism of Mr. Main's injury. At hearing, the Panel Chair permitted one of Defendant's experts to testify generally, over Plaintiffs' objection, about the amount of force necessary to rupture a testicle and the mechanisms by which that force might be imparted.

The Panel Chair further permitted the Defendant's experts to speculate about what Mr. Main's allegedly negligent doctors must have observed, how pathologists prepared slides, the meaning of their notations concerning measurements of Mr. Main's testicles, and what the pathological slides likely revealed.

Plaintiffs' counsel further contends the Panel Chair engaged in *ex parte* communications with South Coast's counsel during the lunch break during the hearing concerning the allegedly negligent diagnostic radiologists whom Plaintiffs planned to call to testify.[1]

Plaintiffs assert that the Panel Chair made a ruling excluding the testimony of the South Coast doctors. However, the audio recording of the panel hearing submitted by South Coast in support of its opposition to the present motion belie Plaintiffs' assertion. The recording indicates there was an off-the-record discussion where the Panel Chair addressed her concerns regarding

---

[1] At oral argument on the present motion, South Coast's counsel insisted the communication with the Panel Chair was brief, non-substantive, and that he insisted Plaintiffs' counsel be present to discuss the matter any further. Defendants' counsel's submitted audio exhibit is garbled. (*See* Def.'s Ex. 3 at 2:21:15-2:25:30.)

time, suggested it would be unnecessary to hear from the doctors, and Plaintiffs' counsel acquiesced to the Panel Chair's suggestion. (*See* Def.'s Ex. 3 at 2:25:30-2:26:30.)

The Panel found, unanimously, that Defendant's acts or omissions neither breached the applicable standard of care nor proximately caused Plaintiffs' injuries. Plaintiffs then filed the present action seeking to recover damages for medical negligence, lack of informed consent, and loss of consortium, and further requesting a declaratory judgment in their favor, declaring and ordering that the Panel's findings are inadmissible at trial in that they violate Plaintiffs' constitutional rights to both procedural due process and a jury trial.

## II. Discussion

Plaintiffs move to stay the present proceedings so that the Court may either remand these proceedings to the Panel to conduct a new hearing, or to bifurcate proceedings so that the Court may first decide the declaratory judgment count of the Plaintiffs' Complaint.

### A. Motion to Stay Standard

This Court has discretion to grant a party's motion to stay proceedings when it is satisfied that doing so will promote the interests of justice. *Society of Lloyd's v. Baker*, 673 A.2d 1336, 1340 (Me.1996) (quoting *Cutler Associates, Inc. v. Merrill Trust Co.*, 395 A.2d 453, 456 (Me. 1978)).

### B. Availability of Relief Requested

#### 1. Remand to the Screening Panel

Plaintiffs have not proposed a legal mechanism by which this Court has the authority to vacate the Panel's findings and remand proceedings to the Screening Panel for a second hearing. While the Screening Panel is a quasi-judicial organ somewhat akin to an administrative agency, *see Estate of Nickerson*, 2014 ME 19, ¶¶ 19-20, 86 A.3d 658, the applicable rules do not provide

3

for judicial review, vacation of findings, or remand to the Panel for further proceedings. *Compare* M.R. Civ. P. 80M (providing no such mechanism) *with* M.R. Civ. P. 80C(c) (providing judicial review of final agency actions and permitting the reviewing court to affirm, remand, reverse or modify the agency action in accordance with 5 M.R.S. § 11007(4)).

As such, the court perceives no basis by which it could remand the Mains' case to the Screening Panel for further proceedings. Rather, it appears that Rule 80M provides the sole mechanism for airing grievances with the conduct or inaction of the Panel Chair is through the prompt statement of "the objection by letter to the Chief Justice of the Superior Court." M.R. Civ. P. 80M(b)(4). Accordingly, the Court lacks the authority to grant the relief Plaintiffs request.

## 2. Bifurcation of Declaratory Judgment Action

In essence, Plaintiffs bring a motion within a motion, seeking a stay of proceedings so that the Court may bifurcate the declaratory judgment claim and first determine whether the admission of the Panel findings at trial would violate Plaintiffs' constitutional rights to trial by jury or procedural due process. In this regard, Plaintiffs must satisfy both the standards for granting a motion to stay and a motion to bifurcate.

### i. Motion to Bifurcate Standard

"A trial court's decision to order separate trials is discretionary." *Estate of McCormick*, 2001 ME 24, ¶ 40, 765 A.2d 552 (citation omitted). "[T]he court in furtherance of convenience or to avoid prejudice may order a separate trial . . . of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues." M.R. Civ. P. 42(b). In ordering separate trials, "the

4

court shall give due regard to the convenience of parties and witnesses and the interests of justice." M.R. Civ. P. 42(c).

Factors weighing against bifurcation include "1) substantial identity of the parties, and the witnesses, 2) overlapping evidence, 3) relatively simple issues, 4) relative times required for litigating different issues, and 5) an absence of discernable prejudice to the parties." *Maietta v. International Harvester Co.*, 496 A.2d 286, 290 (Me. 1985) (citing *Thornton v. Cressey*, 413 A.2d 540, 544 (Me. 1980)); *Estate of McCormick*, 2001 ME 24, ¶ 40, 765 A.2d 552.

### ii. Application

Bifurcation of the Plaintiffs' declaratory judgment claim may ultimately be appropriate. The claim involves different bodies of evidence and distinct questions of law from the Plaintiffs' tort claims, and thus bifurcation may ultimately be more convenient to the parties and witnesses. However, Plaintiffs do not seek bifurcation in its own right, but in conjunction with its motion to stay proceedings on their tort claims. To that end, Plaintiffs have not demonstrated how a stay of proceedings will promote the interests of justice.

South Coast argues declaratory judgment is not the proper vehicle for litigating whether the potential admission of the Panel findings at trial would violate Plaintiffs' constitutional rights. However, the Court does not need to address these questions at this stage of the proceedings. If Defendant wishes to argue Plaintiffs' claim seeking a declaratory judgment is inappropriate, it is free to move for summary judgment on that count. *See* M.R. Civ. P. 56(b) ("A party against whom . . . a declaratory judgment is sought may, at any time . . . move . . . for a summary judgment in the party's favor as to all or any part thereof.").

Plaintiffs are also free to move for summary judgment on their declaratory judgment claim. *See* M.R. Civ. P. 56(a). Finally, if either party wishes to determine the admissibility of

5

the Panel findings before trial, they are free to do so through a motion in limine. *See Estate of Nickerson*, 2014 ME 19, ¶¶ 10, 18-19, 86 A.3d 658.

In sum, while bifurcation may ultimately be appropriate if Plaintiffs' declaratory judgment action survives summary judgment and is not rendered moot through a motion in limine, Plaintiffs have not demonstrated how a stay of proceedings at this juncture would promote the interests of justice.

### III.    Conclusion & Order

In light of the foregoing, Plaintiffs have not demonstrated how a stay of proceedings would promote the interests of justice. Additionally, the Court does not have authority to remand proceedings to the Screening Panel as the Plaintiffs request. Finally, as the Plaintiffs' motion to bifurcate their declaratory judgment claim from their tort claims appears to be contingent on their motion to stay proceedings, that motion will also be denied without prejudice.

The entry shall be:

Plaintiffs' motion to stay proceedings is DENIED.

Plaintiffs' motion to bifurcate is DENIED without prejudice.

SO ORDERED.

Dated: December 3, 2018

~~November~~

_____
John O'Neil, Jr.
Justice, Superior Court

Entered on the Docket on: 11/30/18
Copies sent to the following parties/counsel on: 11/30/18
Attorney White     Attorney Mauterucci