STATE OF MAINE
Washington, SS.

SUPERIOR COURT
Docket No. CV-21-13

Kenneth Jones,  )
 )
Plaintiff,  )
 )
v.  )          **Decision and Order**
 )
Jasper Wyman & Son,  )
 )
Defendant.  )
 )

## Introduction

Defendant has moved to dismiss Plaintiff's two-count complaint on the grounds that Plaintiff's claims are barred by principles of improper claim-splitting. *See* M.R. Civ. P. 12(b)(6). This case is one of two civil actions relating to Plaintiff's employment at Defendant Jasper Wyman & Son, where Plaintiff worked from November 2013 to September 2018. Pl.'s Compl. ¶ 3.

The first action ("the federal action") was filed in Maine Superior Court in March 2020 and later removed to the U.S. District Court for the District of Maine. Plaintiff's Second Amended Complaint in the federal action alleges 5 counts. *See* Case No. 1:20-cv-383-JAW; Def.'s Ex. 1.[1] Counts I-III allege that Defendant is liable under theories of breach of contract, quantum meruit, and unjust enrichment for failing to pay Plaintiff mileage reimbursement for his business travel between 2014 and 2018. Counts IV and V allege the unpaid mileage reimbursement denied Plaintiff equal rights in matters of contract on the basis of race under the Civil Rights Act of 1866, 42 U.S.C. § 1981, and that Defendant retaliated against him in violation of that Act. Moreover, Plaintiff's Second Amended Complaint added additional factual claims under 42 U.S.C. § 1981, asserting that Defendant discriminated against him on the basis of race in annual pay

---

[1] Defendant has attached to its 12(b)(6) motion various documents filed in the federal action (including the second amended complaint). "[O]fficial public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43.

1

raises and compensation decisions. Def.'s Ex. 1 at ¶¶ 28-35. The federal action remains pending in United States District Court, and a motion for summary judgment filed by Defendant is apparently pending in that forum as well.

In July 2021, Plaintiff filed this action in Maine Superior Court. This complaint alleges Defendant converted Mr. Jones's earned compensation from an hourly wage to a salary in June 2015 and further that it failed to pay Plaintiff overtime wages between 2015 and 2018. Pl.'s Compl. ¶¶ 9, 15-22. Count I seeks recovery under the Maine Minimum Wages Law, 26 M.R.S. §§ 661 *et seq.*, and Count II seeks recovery under the Maine Wages and Medium of Payment Law, 26 M.R.S. §§ 621-A *et seq.* Pl.'s Compl. ¶¶ 24-28.

Defendant now moves to dismiss this Superior Court action "on the basis that it involves the exact same parties and arises from the same set of facts as the Federal Action and is therefore barred by the doctrine of improper claim-splitting." Alternatively, Defendant asks the court to stay this case pending the final resolution of the federal action. The issues have been fully briefed by both parties and were the subject of oral argument heard on February 2, 2022. A decision is now in order.

## Standard of Review

"A motion to dismiss tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83. "For purposes of a Rule 12(b)(6) motion, the material allegations of the complaint must be taken as admitted." *Id.* "In reviewing a dismissal, [the court] will examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* "On a motion to dismiss, facts are not adjudicated, but rather there is an evaluation of the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830. "A dismissal should occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claims." *Livonia*, 1998 ME 39, ¶ 5, 707 A.2d 83 (internal quotation marks omitted).

## Discussion

This case appears before the court in an unusual posture. The federal action is pending and has not resulted in final adjudication on the merits of the claims advanced in it. Absent a final judgment, the claim preclusion branch of res judicata does not apply

2

to disable Plaintiff from pursuing the claims advanced in this action. *Macomber v. Macquinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131 ("Claim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a *valid final judgment was entered in the prior action*; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." (emphasis added)).

With no final judgment in the federal action, Defendant seeks dismissal under a theory of improper "claim splitting" and in support cites federal decisions employing the doctrine. Defendant argues that improper claim splitting is different from res judicata and that it applies even in the absence of a final judgment. But as Plaintiff argues in response, the authorities cited by Defendant addressed situations in which two actions were pending within the jurisdiction of the same federal court; they did not address concurrent proceedings in state and federal courts. *See, e.g., Perry v. Alexander*, No. 2:15-cv-00310-JCN, 2017 U.S. Dist. LEXIS 112019 (D. Me. July 19, 2017).

Indeed, the doctrine of claim splitting generally holds that a Plaintiff may not "maintain two actions on the same subject *in the same court*, against the same defendant at the same time." *Deabay v. Phila. Indem. Ins. Co.*, No. 1:15-cv-35-NT, 2015 U.S. Dist. LEXIS 85391, at *6 (D. Me. July 1, 2015) (quotation marks omitted) (emphasis original). "Dismissal may be appropriate when the plaintiff is trying to maintain two actions in federal court, because '[a]s between federal district courts . . . the general principle is to avoid duplicative litigation.'" *Id.* (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "By contrast, it is well established that '*as between state and federal courts*, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id.* (quotation marks omitted) (emphasis original) (quoting *Colorado River*, 424 U.S. at 817).

Thus, as numerous courts have held, claim splitting does not apply to parallel state and federal actions. *See, e.g., id.* at *7 ("Because the present case involves state-federal concurrent proceedings, the Defendant's 'claim splitting' argument is unavailing."); *Kanciper v. Suffolk Cty. SPCA, Inc.*, 722 F.3d 88, 93 (2d Cir. 2013) ("because the 'contemporaneous exercise of concurrent jurisdictions' in this case was between a state court and a federal court, … claim splitting was not a theory under which the District Court could dismiss" the plaintiff's claim); *Steinberg v. Nationwide Mut. Ins. Co.*, 418 F. Supp. 2d 215, 223 (E.D.N.Y. 2006) ("[C]laim-splitting does not apply to parallel state and federal actions.").

Although this court declines to dismiss Plaintiff's case under a claim splitting theory, Defendant's request for a stay warrants further consideration. "A trial court has broad discretion in considering whether to stay a proceeding when there is litigation pending in another jurisdiction." *Tripping Gnome Farm, LLC v. Ferrara*, No. RE-14-157, 2014 Me. Super. LEXIS 223, *3 (Dec. 2, 2014); *Cutler Assocs., Inc. v. Merrill Tr. Co.*, 395 A.2d 453, 456-57 (Me. 1978); *Fitch v. Whaples*, 220 A.2d 170, 172 (Me. 1966). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cutler Assocs., Inc. v.*, 395 A.2d 453, 456 (Me. 1978). A stay "will only be granted when the court is satisfied that justice will be thereby promoted." *Id.*

In *Fitch*, the Law Court listed several factors to guide trial courts in deciding whether to grant a stay to permit adjudication of litigation pending in another jurisdiction:

> Multiple considerations may serve the trial court in a judicial exercise of its discretion in granting or denying a stay, such as whether the subsequent action was designed solely to harass the adverse party; the nature of the respective actions, especially with a view as to which appears to provide complete justice; also, where did the cause of action arise and which law will be applicable; will there be great and unnecessary expense and inconvenience; the availability of witnesses; the stage at which the proceedings in the other court have already progressed; the delay in obtaining trial. Each case must perforce present its own variety of circumstances which may necessitate different results.

*Fitch*, 220 A.2d at 172-73.

Here, because there is a prospect of entanglement between the claims advanced in the two pending actions, a stay pending final adjudication of the claims in the federal action is warranted. The federal action includes both state and federal claims and, as noted, is the subject of a dispositive motion. Accordingly, there is a possibility that the state claims will be dismissed without prejudice and refiled in Superior Court at a later point. A stay pending a resolution of the federal action would prevent unnecessary expense and inconvenience, avoiding the inefficiencies that would occur if the above scenario were to transpire.

**Order**

For the reasons stated, Defendant's motion to dismiss is DENIED. Defendant's motion to stay this case pending a final adjudication in case number 1:20-cv-383-JAW is GRANTED.

4

The Clerk may incorporate this Order upon the docket by reference.

Dated: June 6, 2022

The Hon. Bruce C. Mallonee
Justice, Maine Superior Court

A TRUE COPY
ATTEST: _____
CLERK

5