STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CIVIL ACTION
                                                Docket No. CV-2021-377

RUSSELL B. LAMER and LYDIA          )
KLENOVA, individually and on        )
behalf of D.L., a minor,            )
                                    )
              Plaintiffs,           )          **ORDER ON PLAINTIFFS'**
                                    )          **MOTION TO RECONSIDER AND**
       v.                           )          **LIFT THE ORDER TO STAY CIVIL**
                                    )          **PROCEEDING**
JOHN A. RUBINSTEIN,                 )
                                    )
              Defendant.            )

Before the Court is Plaintiffs' Motion to Reconsider and Lift the Order to Stay Civil

Proceeding. For the following reasons, the Court denies the motion.

In this case, Plaintiffs Russell B. Lamer and Lydia Klenova allege that they were

kayaking with their child, D.L., when Defendant John A. Rubinstein's boat suddenly

collided with them. A criminal matter arising from the same incident is pending in

Kennebec County, docket number CR-2019-2289, in which Mr. Rubinstein is charged

with Reckless Conduct with a Dangerous Weapon, Criminal Mischief, and Operating a

Watercraft to Endanger.

On February 24, 2022, the Court granted a stay of the civil proceedings until

resolution of the parallel criminal proceedings. The Court weighed the Plaintiffs' interest

in a speedy resolution of their claims and the potential for prejudice to Mr. Rubinstein

and concluded that a stay would promote the interests of justice. *See Soc'y of Lloyd's v.*

*Baker,* 673 A.2d 1336, 1340 (Me. 1996) ("The grant or denial of the stay rests in the sound

discretion of the court. It will only be granted when the court is satisfied that justice will

thereby be promoted." (quoting *Cutler Assocs., Inc. v. Merrill Tr. Co.,* 395 A.2d 453, 456

(Me. 1978))); *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.,* 385 F.3d 72, 78 (1st Cir. 2004)

REC'D CUMB CLERKS OFC
MAY 3 '23 AM 11:02

(listing factors federal district courts should consider when deciding whether to grant a stay). Plaintiffs now request that the Court lift the stay because the criminal matter has not yet gone to trial, over a year later.

Plaintiffs have not demonstrated any prejudice that has or will result from a continued stay. The potential for hardship to Mr. Rubinstein is unchanged. *See, e.g.,* M.R. Evid. 513(b). Although Plaintiffs are correct that Mr. Rubinstein is not constitutionally entitled to a stay, the balance of all relevant factors continues to weigh in favor of a stay. *See Sea Salt, LLC v. Bellerose,* No. 2:18-cv-00413-JAW, 2020 U.S. Dist. LEXIS 84075, at *4-5 (D. Me. May 13, 2020) (stay of civil proceedings is most likely to be granted when a parallel criminal proceeding involves the same underlying facts); *SEC v. Liberty,* No. 2:18-cv-00139-JDL, 2019 U.S. Dist. LEXIS 133505, at *5-6 (D. Me. Aug. 8, 2019) ("The stay of a civil proceeding pending the completion of a closely connected criminal case is necessary where there is substantial overlap between the subject matter of the two proceedings." (quotation marks omitted)).

For the foregoing reasons, the Court denies Plaintiffs' motion. The stay of this matter will continue until resolution of the parallel criminal proceeding.

The entry is:

Plaintiffs' Motion to Reconsider and Lift the Order to Stay Civil Proceeding is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____May 3, 2023_____

_____
MaryGay Kennedy, Justice
Maine Superior Court



RUSSELL B. LAMER and LYDIA
KLENOVA, individually and on
behalf of D.L., a minor,

      Plaintiffs,

v.

JOHN A. RUBINSTEIN,

      Defendant.

**ORDER ON DEFENDANT'S
MOTION TO STAY CIVIL
PROCEEDING AND MOTION TO
STAY DEADLINE**

REC'D CUMB CLERKS OFC
FEB 24 '22 PM3:57

Before the Court is Defendant John A. Rubinstein's Motion to Stay Civil Proceeding. Mr. Rubinstein requests a stay of this matter pending resolution of criminal proceedings currently pending against him. For the following reasons, the Court grants Defendant's Motion. Defendant's Motion to Stay Deadline to Respond to Plaintiff's Discovery Requests Pending the Court's Decision of Defendant's Motion to Stay Civil Proceeding is also pending. This Order on Defendant's Motion to Stay Civil Proceeding renders the Motion to Stay Deadline moot. Accordingly, it is denied.

## I.    Background

In this case, Plaintiffs Russell B. Lamer and Lydia Klenova allege that they were kayaking with their child, D.L., when Defendant's boat suddenly collided with them. A criminal matter arising from the same incident is pending in Kennebec County, docket number CR-2019-2289, in which Defendant is charged with Reckless Conduct with a Dangerous Weapon, Criminal Mischief, and Operating a Watercraft to Endanger. Defendant requests a stay of this matter pending resolution of the criminal proceedings. Plaintiffs oppose Defendant's Motion.

## II.    Legal Standard

The Court may grant a stay when it is "satisfied that justice will thereby be promoted." *Soc'y of Lloyd's v. Baker*, 673 A.2d 1336, 1340 (Me. 1996) (quoting *Cutler Assocs., Inc. v. Merrill Tr. Co.*, 395 A.2d 453, 456 (Me. 1978)).[1] The decision to grant a stay "rests in the sound discretion of the court." *Soc'y of Lloyd's*, 673 A.2d at 1340.

## III. Discussion

Defendant asserts that a stay is necessary to protect his constitutional right against self-incrimination and to prevent prejudice to him. If the criminal and civil actions proceed in tandem, Defendant argues that he may be prejudiced in his criminal defense and certainly will be prejudiced in the civil action by the adverse inference that may be drawn from his invocation of privilege pursuant to M.R. Evid. 513(b). Because the civil and criminal proceedings arise from the same underlying incident, the risk of prejudice is particularly high.

Plaintiffs' Complaint was filed on October 18, 2021, and this matter is still in early stages. By contrast, the criminal action is trial-ready, although it has not yet been placed on a jury trial list. Plaintiffs, of course, have a substantial interest in the speedy resolution of their claims. However, under the circumstances, the importance of protecting Defendant from prejudice outweighs the burden on Plaintiffs likely to be caused by a stay. *C.f. Sea Salt, LLC v. Bellerose*, No. 2:18-cv-00413-JAW, 2020 U.S. Dist. LEXIS 84075, at *4-5 (D. Me. May 13, 2020) (stay of civil proceedings is most likely to be granted when a

---

[1] Defendant and Plaintiffs each direct the Court to certain case law of the United States Court of Appeals for the First Circuit, which provides that the following factors bear on the decision to grant a stay:

> (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; and (v) the public interest.

*Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004). Although this case law is, of course, not binding, the Court acknowledges its persuasive value.

parallel criminal proceeding involves the same underlying facts); *SEC v. Liberty*, No. 2:18-cv-00139-JDL, 2019 U.S. Dist. LEXIS 133505, at *5-6 (D. Me. Aug. 8, 2019) ("The stay of a civil proceeding pending the completion of a closely connected criminal case is necessary where there is substantial overlap between the subject matter of the two proceedings." (quotation marks omitted)). The Court is satisfied that justice will be promoted by staying this matter until the criminal proceedings conclude.

## IV.     Conclusion

For the foregoing reasons, the Court grants Defendant's Motion to Stay Civil Proceeding.

The entry is:

1. Defendant's Motion to Stay Civil Proceedings is GRANTED. This civil action is stayed, temporarily, pending resolution of the criminal proceedings against Defendant in Kennebec County, docket number CR-2019-2289; and

2. Defendant's Motion to Stay Deadline to Respond to Plaintiff's Discovery Requests Pending the Court's Decision of Defendant's Motion to Stay Civil Proceeding is DENIED as moot.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___02/24/2022___

_____
MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 02/28/2022